A. Franklin Mahoney, J.
There are two motions before the court. First, the Comptroller of the State of New York seeks an order dismissing the complaint (declaratory judgment) of Dorothy M. Lade on the ground that she has failed to exhaust the administrative remedies available to her. Secondly, Mary Parker Lade, pursuant to article 78 of the CPLR, moves to compel the Comptroller to pay over to her, as the duly appointed and designated beneficiary of the proceeds of her husband’s retirement death benefits, the moneys he has already administratively determined are properly payable to her.
The first wife of the deceased State employee, having lost at the administrative hearing referred to above, initiated a declaratory judgment action seeking to have the court declare that a certain 1941 separation agreement between her and her husband compels the equitable conclusion that she, Dorothy M. Lade, is entitled to the retirement benefits. The gravamen of her argument is that an article 78 proceeding would be fruitless in that the Comptroller has already determined that the alleged contractual obligation of the deceased not to change his named beneficiary is not binding on him. Thus, argues the first Mrs. Lade, equity, right, justice and her legal rights under a valid contract are frustrated. This argument is drained of merit by the statutory requirement that a final determination made by the State Comptoller “ shall be subject to review only as provided in article seventy-eight of the civil practice law and rules ”. Further, to urge the argument that an article 78 review would be fruitless concedes the appropriateness of the Comptroller’s finding.
The case law cited by plaintiff, Dorothy M. Lade, is inapplicable. While it is true that such cases contain dicta that the remedy of declaratory judgment is available to a litigant where the constitutionality of a law works adversely to his interest, no such issue is present in this case. The action sought to be maintained by plaintiff seeks a declaration that Dorothy M. Lade is contractually entitled to the avails of her former husband’s retirement. The mere allegation that an adverse finding *51 is violative of her “ due process” rights under the Federal and/or State Constitution is untenable as an argument. The validity and scope of subdivision d of section 74 of the Retirement and Social Security Law are not under attack. (Industrial Group Serv. v. Cantor, 24 A D 2d 1032.) The only issue is whether the Comptroller was right in determining that plaintiff was not entitled to the retirement benefits of the deceased. That question is reviewable only in an article 78 proceeding.
The State Comptroller’s motion to dismiss the declaratory judgment action is granted.
Next, the finding of the Comptroller is final unless set aside after review. No article 78 proceeding to review is pending. Therefore, the motion of Mary Parker Lade to compel a judgment directing the State Comptroller, as a respondent, to pay over to Mary Parker Lade ordinary death benefits and accumulated contributions due and owing from the State Employees Retirement fund by reason of the death of James H. Lade, a member of such system at the time of his demise, is granted.