■ DOROTHY M. LADE, Appellant, v. ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— SWEENEY, J. Appeal (1) from an order of the Supreme Court at Special Term, entered July 22, 1969 in Albany County, insofar as it dismissed the complaint as to respondent Comptroller, and (2) from a resettled order, entered August 12, 1969 in Albany County, which dismissed the complaint as to respondent Comptroller. In 1941 appellant and her husband, James H. Lade, entered into a separation agree-

ment in which the husband agreed to name appellant beneficiary of his interest in the New York State Retirement Fund. In 1957 he changed the beneficiary from appellant to respondent Mary Parker Lade. At his death on November 5, 1968 both applied for the benefits. After a hearing, it was determined that the respondent Comptroller must pay the benefits to Mary Parker Lade as the last nominated beneficiary. Appellant then brought an action in the Supreme Court for declaratory judgment against respondents Comptroller and Mary Parker Lade to declare appellant's right to the funds. The complaint against the Comptroller was dismissed by Special Term on the ground that the issues are reviewable only in an article 78 proceeding. Respondent Mary Parker Lade subsequently brought an article 78 proceeding to compel the Comptroller to pay the funds to her. The trial court granted this relief. This court granted a preliminary injunction restraining the Comptroller from paying any benefits, pending this appeal. It is the contention of the respondent Comptroller that he has the exclusive authority to determine applications for benefits under the Retirement System and his determination can be reviewed only by an article 78 proceeding; consequently, the action for declaratory judgment as against him was properly dismissed. An examination of section 74 of the Retirement and Social Security Law seems to substantiate respondent's contention. Appellant, however, maintains that this law deprives the Comptroller of equitable jurisdiction and thus prevents him from examining the separation agreement. She further maintains that since the separation agreement is the basis of her claim, the law, in fact, which mandates review of the comptroller's determination by article 78 as an exclusive remedy, deprives her of her property without due process. Appellant makes a convincing argument on equitable grounds. She did have a written agreement executed at the time of the separation agreeing to assign to her the retirement benefits of her then husband. Later, without her knowledge, he changed the beneficiary. As inequitable as this may appear, under the existing law, the husband had the right to change the beneficiary and the Comptroller was bound to honor it. (Retirement and Social Security Law, § 60, subd. c; § 51, subd. d.) Appellant relies strongly on *Glassman* v. *Glassman* (309 N. Y. 436) as authority for her contention. We believe the *Glassman* case is clearly distinguishable. While that case also involved a separation agreement, the plaintiff there based her action on a violation of section 273 of the Debtor and Creditor Law. It appeared defendant husband had transferred certain moneys to the Retirement System to defraud his wife. In the instant case there is no violation of a statute involved. The husband and the Comptroller acted within the provisions of the Retirement and Social Security Law. It is also significant that in the *Glassman* case there was no determination by the Comptroller as to who was entitled to receive retirement benefits and, therefore, there was no obligation to resort to an article 78 proceeding. Here, regardless of appellant's claims, her action is still basically one to review a determination of the Comptroller, and this is exclusively permissible by an article 78 proceeding only. We feel, however, that special circumstances are herein presented which require that pending the outcome of the action, CPLR 2701 (subd. 2) should be invoked in order to prevent any judgment granted herein from being worthless. Resettled order modified, on the law and the facts, so as to direct the Comptroller to pay into court the funds involved herein, pursuant to CPLR 2701, and, as so modified, affirmed, without costs. Appeal from order entered July 22, 1969 dismissed, without costs. Herlihy, P. J., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.; Staley, Jr., J., concurs in part and dissents in part in a memorandum. Staley, Jr., J. (concurring in part and dissenting in part). I agree with the majority that respondent Mary Parker Lade is entitled to the payment by the Comptroller

of her husband's interest in the New York State Retirement Fund as his designated beneficiary. Since her right to such payment is absolute there is no authority for the payment into court of the funds involved pending the action between Dorothy M. Lade and Mary Parker Lade since such funds are not the subject of that action. I, therefore, dissent from that part of the majority's decision that invokes the provisions of CPLR 2701.