John T. Casey, J.
In this action, Dorothy M. Lade, as plaintiff, claims the New York State retirement benefits due her deceased husband under the terms of a separation agreement of 1941 in which the husband agreed to name her beneficiary of his interest. In 1957, without her knowledge or consent, he changed the beneficiary to the defendant, Mary Parker Lade, who was the last-named beneficiary at his death on November 5,1968. The plaintiff made application to the Comptroller for the bene *370 fits, was granted an administrative hearing, but lost. The Comptroller noted that “ the benefits shall be paid to the member’s estate or to such person as [the member] shall have nominated to receive such * * * benefits ’ ’ (Retirement and Social Security Law, § 60, subd. c), that the member had a right to change the beneficiary and the Comptroller was obligated to honor the change (Retirement and Social Security Law, § 60, subd. c), and that since the defendant was the named beneficiary at the time of the member’s death, the Comptroller determined the benefits should be paid to her. Apparently, the Comptroller also decided that he had no jurisdiction to impress a trust upon the funds or to inquire into the equities of the parties to the suit as between themselves.
This plaintiff brought an action for a declaratory judgment against both the Comptroller and this defendant wherein she sought a judicial declaration that she was equitably entitled to the benefits by virtue of the separation agreement. Thereafter, this defendant instituted an article 78 proceeding in the nature of mandamus to compel the Comptroller to pay the benefits to her as the named beneficiary at the time of the member husband’s death, in accordance with the Comptroller’s determination.
At Special Term, Mahoney, J. (60 Misc 2d 49) granted the Comptroller’s motion to dismiss the complaint as to him on the ground that this plaintiff could attack the determination of the Comptroller in an article 78 proceeding only, and granted this defendant’s motion for a judgment directing the Comptroller to pay the benefits to her. On appeal (Lade v. Levitt, 33 A D 2d 956) the determination of Special Term which dismissed this plaintiff’s complaint as to the Comptroller was affirmed. The determination of Special Term granting payment of the funds to this defendant was modified, however, by requiring the Comptroller to pay the funds into court pursuant to CPLR 2701 (subd. 2) to await the outcome of the declaratory judgment action which remained between the parties. The defendant appealed to the Court of Appeals (27 N T 2d 532) but the plaintiff’s motion to dismiss the appeal was granted on procedural grounds.
The action for declaratory judgment was tried before me without a jury on December 17, 1970 at Part I, Trial Term, Albany County. The only witness called was the plaintiff, who testified to her marriage to the husband member in December, 1934, and to the execution of the separation agreement in 1941, and to her husband’s death November 5, 1968. The separation agreement was introduced into evidence. No other proof was offered by the plaintiff, who bases her claim solely on the contractual obligation of the separation agreement in which the husband *371 member expressly agreed that his wife and child shall be named as beneficiary and contingent beneficiary, respectively, in the retirement fund, unless and until his wife remarried. The wife testified she did not remarry and the agreement remained in force and effect until the death of her husband and that she had no knowledge of, nor did she consent to, the change of beneficiary.
Were the disputed benefits herein produced through private insurance on the life of the husband or even through private retirement funds, naming the defendant beneficiary, there would be no question of the superiority of the plaintiff’s claim and of her entitlement to the proceeds as the result of-her prior contractual rights duly supported by valid consideration as contained in the separation agreement. (Ehrlich v. Cohn, 1 A D 2d 1004, affd. 2 N Y 2d 886; Salinas v. Salinas, 187 Misc. 509, affd. 271 App. Div. 917; Mangano v. Altmeyer, 32 Misc 2d 841. See, also, Matter of Sand, v. Beach, 270 N. Y. 281.)
The question remains, however, whether these benefits are an exception to that rule since they were produced under the New York State Retirement System. The defendant urges that they are and, without offering any proof at the trial, relies on her interpretation of subdivision b of section 74 of the Retirement and Social Security Law as giving the State Comptroller exclusive authority to determine applications for benefits under the system, and on subdivision c of section 60 of the Retirement and Social Security Law which grants the member the right to change the beneficiary and imposes upon the Comptroller the duty to honor such change, and on subdivision d of section 74 which provides for review of the Comptroller’s determination only as provided in an article 78 proceeding. Therefore, the defendant claims that since she was the last designated beneficiary of the member’s benefits, the Comptroller’s administrative determination that she was the one entitled to the benefits was correct and precluded the assertion of other suits or claims, and that in any event the exclusive review of that determination is by an article 78 proceeding. The defendant further claims these benefits are exempt from taxes and legal process under section 110 of the Retirement and Social Security Law.
I do not agree that the Retirement and Social Security Law has any application to the claim of this plaintiff against this defendant in this suit. I interpret subdivision c of section 60 of the Retirement and Social Security Law to permit the member to change his beneficiary, and to require the Comptroller to honor such change only during the time the fund is being administered by the Comptroller; and subdivision b of section 74 to give the Comptroller the exclusive authority to determine appli *372 cations for benefits under the system; and section 110 to exempt the benefits from taxes, legal process and assignments only while the funds are being administered by the Comptroller and are in his possession and control. As so interpreted, the Comptroller is permitted to make an exclusive determination of whether there is a named beneficiary as against a member’s estate, the identity of the named beneficiary, whether the member was competent to so name a beneficiary, and, when the Comptroller so determines, to protect him in such determination and not to require him to make any determination of equitable claims existing between conflicting claimants, as herein, and to restrict the review of those determinations which the Comptroller is empowered to make under the Retirement and Social Security Law to an article 78 proceeding. The obvious legislative purpose is to relieve the Retirement System of the vast administrative detail and work that would be necessary if the State honored executions, garnishees, attachments and other process including assignments, and to protect named beneficiaries and the future security of the members from being improvidently dissipated. (Crowley v. New York State Employees’ Retirement System, 58 Misc 2d 788, 790.)
The Comptroller possesses no special expertise greater than the courts themselves to determine the validity or priority of conflicting equitable claims existing outside that law. It is true that if the plaintiff herein filed her separation agreement with the Comptroller he would not have honored it as against the defendant who was the member’s last named beneficiary. This determination by the Comptroller, however, cannot be construed to mean that the claim of every creditor, every suitor and every claimant with a valid interest in and to the fund is forever foreclosed by the Comptroller’s determination.
Once the possessory right to the fund is vested, either by retirement of the member or in a designated beneficiary upon the member’s death and the Comptroller determines the beneficiary entitled, and pays that beneficiary, his jurisdiction is ended. There is then no reason to prevent the assertion of conflicting claims as between the claimants themselves. An assignment from a prior wife to a second wife following the member’s death was so honored in Crowley v. New York State Employees’ Retirement System (supra). Sequestration of retirement moneys to which the member became entitled by reason of retirement, was allowed. (1941 Opns. Atty. Gen. 204.) Taxation of real property purchased with proceeds of retirement allowance was permitted (2 Op. St. Comp., 1946, p. 528). These authorities lead to the conclusion that the funds are exempt from equitable claim *373 or legal process only while being administered and the Comptroller is protected by paying the member upon his retirement or the beneficiary legally (as distinguished from equitably) entitled as the last-named beneficiary upon the member’s death.
Since the Comptroller is possessed of no equitable jurisdiction and the plaintiff’s claim is bottomed in equity, it would be futile to require the plaintiff to bring, or to restrict her to, an article 78 review as the defendant urges. As outlined in the complaint the plaintiff’s claim is equitable only. Regardless of designation, the plaintiff seeks to impress a constructive trust for her benefit on the retirement funds of her former husband by virtue of his express promise contained in the separation agreement to name her beneficiary. The complaint recites that the plaintiff has no adequate remedy at law. It is sufficient to apprise the defendant of the nature and basis of the plaintiff’s claim. Cf. Gartman v. New York State Employees Retirement System (152 N. Y. S. 2d 849), which granted the motion of the defendant Ida Gartman to dismiss the complaint, but only because it failed to allege that the acts done by her and contributions made to family income were prompted by her husband’s promise to make her beneficiary of his retirement system benefits or to allege that the husband’s representations and failure to carry out such promises were other than gratuitous. It was noted at page 852, obiter dicta, that a State employee as a member of the State Retirement System has a legal right to designate a beneficiary or change such designation and name a person other than his wife, but only when circumstances which would permit invoking equitable consideration and principles are absent. This interpretation accords with the Appellate Division’s decision (33 A D 2d 956) which had the effect of removing the funds from the possession and control of the Comptroller, and dismissing the plaintiff’s complaint as to the Comptroller and requiring the parties to continue this suit and to litigate the issues between themselves. The only purpose that could be served by such order of the Appellate Division would be to end the Comptroller’s jurisdiction and to conserve the funds intact by ordering them paid into court until this court hears and determines the claims between the parties hereto. Otherwise, the Appellate Division would have done, as Special Term did, order the funds paid to this defendant as the Comptroller had determined administratively. Nor do I read the dissent as contrary to this position, based, as it was, on the lack of authority to pay the funds into court. The dissent stated that the right of the defendant as the last designated beneficiary to payment by the Comptroller was absolute. This is true as far as the Comptrol *374 ler is concerned but I cannot interpret the dissent to mean, as the defendant urges, that the benefit fund, even if it had been paid to the defendant, would be immune from suit by this plaintiff. Since the funds have been ordered out of the Comptroller’s possession the purpose and reason for their exemption no longer exist, article 78 of the CPLR is no longer either the exclusive or proper proceeding for review, and this court may determine the rights between these parties. To hold otherwise, and at the same time admit that the plaintiff’s claim is equitable but to deny equitable jurisdiction to the Comptroller, is to afford the plaintiff no forum in which to process her claim and thereby deny her due process, if her claim be valid. Furthermore, the plaintiff herein was the wife of the member and as such was a beneficiary consonant with the purpose of retirement benefits. (Matter of Knauth, 12 N Y 2d 259.)
On the basis of these authorities and on the basis of the equities as shown by the proof, judgment is granted to the plaintiff for the full amount of the benefits plus the costs and disbursements of this action, and the order may provide that the State Bank of Albany, the depository of the funds, be directed to turn over the funds to the plaintiff.