In the Matter of FRANCES GINSBERG, Petitioner, *v*. ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, February 25, 1971.

*Nathan Dechter* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a final determination of the State Comptroller which disapproved petitioner's application for payment of the ordinary death benefit and accumulated contributions available on account of the death of Isidore Ginsberg, a member of the New York State Employees' Retirement System.

Subdivision c of section 60 of the Retirement and Social Security Law (as amd. by L. 1960, ch. 336, § 12) provided on June 2, 1968, at the time of the member's death, as follows: "c. The ordinary death benefit and the reserve-for-increased-take-home-pay shall be paid to the member's estate or to such person as he shall have nominated to receive such ordinary death benefit. To be effective, such a nomination must be in the form of a written designation, duly acknowledged and *filed with the comptroller for this specific purpose.*" (Emphasis supplied.)

Subdivision d of section 51 of the Retirement and Social Security Law provides in part as follows: "d. If a member dies before the effective date of his retirement, his accumulated

contributions shall be paid to his estate or to the person nominated by him in a written designation duly executed and *filed with the comptroller.''* (Emphasis supplied.)

In 1946 when Isidore Ginsberg became a member of the New York State Employees' Retirement System by an application executed and acknowledged on October 4, 1946 and filed with the Comptroller's office on October 18, 1946, he designated Elsie Ginsberg, his then wife, as his beneficiary. Ginsberg died on June 2, 1968, while still employed in State service as a member of the New York State Employees' Retirement System. His second wife, Frances Ginsberg, the petitioner herein, applied for payment of the retirement system benefits consisting of the ordinary death benefit and accumulated contributions. The Comptroller denied the application upon the ground that the beneficiary who had been duly designated by the decedent to receive the benefits was Elsie Ginsberg.

At the hearing, it developed that Elsie Ginsberg and Isidore Ginsberg were divorced on November 20, 1956, following which Ginsberg married the petitioner. Evidence was adduced that on January 7, 1964, Ginsberg executed a card under section 154 of the Civil Service Law designating petitioner as his beneficiary under the survivor's benefit program. This card was kept on file in the personnel office of the Creedmore State Hospital where he was then employed.

The Comptroller's determination disapproved petitioner's application, holding that when Ginsberg filed his application for membership in the retirement system, he designated his then wife Elsie as the beneficiary to receive the ordinary death benefits payable in the event of his death before retirement, and that he never notified the retirement system of any desire to change the beneficiary nor did he file a change of beneficiary form in the office of the retirement system. The Comptroller contends that he has no discretion under sections 51 and 60 of the Retirement and Social Security Law in the payment of benefits and is required by law to pay the benefits to the member's duly designated beneficiary.

The Comptroller's argument is well founded. The language of subdivision c of section 60 and subdivision d of section 51 of the Retirement and Social Security Law is clear and unequivocal. Retirement system benefits must be paid to the person named by the member in the written designation which must be filed with the Comptroller for this specific purpose. The Legislature has vested the Comptroller with no power or discretion to pay the benefits to any person other than the member's duly designated beneficiary.

Petitioner's contention that Ginsberg's designation of her as his beneficiary under the survivor's benefit program (Civil Service Law, § 154) effected a change in his beneficiary under the retirement system is unavailing since the designation was not filed with the Comptroller.

The determination should be confirmed, without costs, and petition dismissed.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur.

Determination confirmed, without costs, and petition dismissed.