Edward S. Conway, J.
This is a motion by the Comptroller of the State of New York for an order dismissing the complaint in the above-entitled action as against the defendants State Comptroller and the New York State Employees’ Retirement System, upon the grounds that pursuant to the mandatory provisions of the Retirement and Social Security Law (§ 60, subd. c, and § 51, subd. d), the State Comptroller must make payment of the ordinary death benefit and accumulated contributions due to the member’s duly designated beneficiary and that the State Comptroller has no authority or discretion to make said payment to any other person.
Steven L. Werner became a member of the retirement system on February 23, 1962. He designated on that date Harriet Gr. Werner, who was then his wife, as his beneficiary to receive the ordinary death benefit and accumulated contributions payable in the event of his death prior to his retirement, and filed said designation in the Comptroller’s office on March 8, 1962. The parties were subsequently divorced in 1963. No other designation of beneficiary or change of designation of beneficiary was filed with the State Comptroller by Steven L. Werner. On April 16, 1971, Steven L. Werner died while in State service, as a member of the retirement system.
*1052 An application was filed by the plaintiff herein, Edith Fisch Werner, Steven L. Werner’s wife at the time of his death, for payment by the Comptroller of the retirement system benefits available on account of Steven L. Werner’s death, which was denied by the Comptroller upon the ground that the plaintiff was not the member’s duly designated bengficiary. Subsequently, on July 29, 1971, an application for retirement system benefits was filed in the State Comptroller’s office by Harriet Gr. Werner, the beneficiary duly designated by Steven L. Werner.
Following a request for a hearing and redetermination of Edith Fisch Werner’s application, a hearing was held pursuant to subdivision d of section 74 of the Retirement and Social Security Law. During the said hearing, the hearing officer was apprised by counsel that Edith Fisch Werner had instituted an action against Harriet G. Werner, State Comptroller Levitt and the retirement system. At the close of the hearing, the hearing officer stated that he would withhold a decision upon Edith Fisch Werner’s request for a redetermination of her application until the action by the plaintiff herein was decided.
The plaintiff, by the complaint in the above-entitled action, demands judgment (1) declaring that Harriet G. Werner has no interest in the proceeds from the retirement system benefits due on account of Steven L. Werner’s death and directing the defendants to pay such benefits to the plaintiff, (2) declaring Steven L. Werner’s designation of Harriet G. Werner as beneficiary for retirement system benefits invalid, and (3) directing the State Comptroller to pay into court the money representing the ordinary death benefits to which decedent Steven L. Werner was entitled.
It is the contention of the defendant State Comptroller that he has the exclusive authority to determine applications for benefits under the retirement system and his determination can be reviewed only by an article 78 proceeding.
The court agrees with the contention of the defendant. An examination of section 74 of the Retirement and Social Security Law substantiates the defendant’s contentions. Hnder the existing law, the husband had the right to designate a beneficiary and the Comptroller was bound to honor it. (Retirement and Social Security Law, § 60, subd. c; § 51, subd. d; Lade v. Levitt, 33 A D 2d 956; Ginsberg v. Levitt, 36 A D 2d 82, 84.) The Comptroller acted within the provisions of the Retirement and Social Security Law. Regardless of plaintiff’s contentions herein, her action is still basically one to review a determination of the *1053 Comptroller, and this is exclusively permissible by an article 78 proceeding only. (Lade v. Levitt, supra.)
Pending the outcome of the action, subdivision 2 of CPLR 2701 should be invoked in order to prevent any judgment granted herein from being worthless. Therefore, the motion of the defendant is granted and the action is dismissed as to the defendants State Comptroller and the New York State Employees’ Retirement System, and the Comptroller is directed to pay into court the funds involved herein. (See Lade v. Levitt, supra.)