■ MILTON G. LEAVITT, Appellant, v RUBY LEAVITT, Respondent.—In a matrimonial action in which the defendant wife counterclaimed, *inter alia*, to compel plaintiff to name her as beneficiary of his benefits of the New York City Employees Retirement Fund, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated April 26, 1976, as denied his motion to dismiss the counterclaim upon the ground that it fails to state a cause of action. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, motion granted, and counterclaim dismissed, with leave to defendant, if she be so advised, to replead in accordance herewith. The counterclaim in question seeks specific performance of an alleged contract whereby the plaintiff, the former husband of defendant, agreed to irrevocably designate her as the beneficiary of his benefits from the New York City Retirement Fund, and to elect an option at the time of his retirement which would insure that she would receive at least one half of his yearly benefits during her lifetime. Specific performance of such contracts violates public policy (see *Caravaggio v Retirement Bd. of Teachers' Retirement System of City of N. Y.*, 36 NY2d 348; Administrative Code of City of New York, § B20-48.0). Leave is hereby granted to defendant, if she be so advised, to replead a cause of action to recover damages for breach

of the alleged contract (see *Caravaggio v Retirement Bd. of Teachers' Retirement System of City of N. Y., supra,* p 357). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.