■ MILTON G. LEAVITT, Respondent-Appellant, v RUBY LEAVITT, Appellant-Respondent.—In a matrimonial action, defendant appeals from so much of an order of the Supreme Court, Queens County, dated October 6, 1977, as granted plaintiff's motion to dismiss her first, second, third and fourth counterclaims. Plaintiff purports to cross-appeal from so much of the order as denied his motion to dismiss the fifth counterclaim. Cross appeal dismissed. The cross appeal was not perfected in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). Order reversed insofar as appealed from, with $50 costs and disbursements, and motion to dismiss defendant's first four counterclaims denied. A divorce was granted in favor of the defendant on April 10, 1975. She interposed a counterclaim alleging that her husband, who was employed by the New York City school system, induced her to turn over her earnings to him in order that his earnings could be applied to the New York City Employees Retirement Fund, so that, upon his retirement, they would both enjoy the benefits thereof, and in the event of his death she would be financially secure. The counterclaim further alleged that her husband had changed the beneficiary of that fund in 1973. Accordingly, in her original counterclaim, defendant sought (1) her reinstatement as his beneficiary, (2) a direction that he elect the option that would provide her with one-half his yearly benefit during her lifetime, upon his death and (3) a direction that he designate her as recipient of one half of any retirement benefits that may be due him at his retirement. The husband unsuccessfully moved at Special Term to dismiss that counterclaim, but this court reversed and granted the husband's motion with the following language: "The counterclaim in question seeks specific performance of an alleged contract whereby the plaintiff, the former husband of defendant, agreed to irrevocably designate her as the beneficiary of his benefits from the New York City Retirement Fund, and to elect an option at the time of his retirement which would insure that she would receive at least one half of his yearly benefits during her lifetime. Specific performance of such contracts violates public policy (see *Caravaggio v Retirement Bd. of Teachers' Retirement System of City of N.Y.,* 36 NY2d 348 * * *). Leave is hereby granted to defendant, if she be so advised, to replead a cause of action to recover damages for breach of the alleged contract" *(Leavitt v Leavitt,* 54 AD2d 707). Defendant repleaded five counterclaims, the first four of which are the subject of this appeal. Those four counterclaims speak in terms of constructive trust, unjust enrichment and rescission. The fifth counterclaim sounds in breach of contract. The prayer for relief at the conclusion of the five counterclaims does not request specific performance of the alleged contract, but rather seeks various other equitable remedies, as well as damages for breach of contract. In granting plaintiff's motion to dismiss the first four counterclaims, the Special Term relied exclusively on the language of our prior determination wherein we granted defendant leave to replead a cause of action to recover damages for breach of contract. The Special Term held that since the first four counterclaims were "predicated on legal theories other than on breach of contract and also seeks relief other than damages", they had to be dismissed. In our view the Special Term erred in dismissing the first four counterclaims. The language used by this court in the prior appeal was not intended to limit defendant solely to a cause of action to recover damages for breach of contract. The thrust of our prior decision was that specific performance of the alleged contract would not lie; no other question was before us. Conse-

quently, defendant should not be precluded from asserting other equitable claims, other than specific performance, which flow from the plaintiff's alleged breach. Had we not dismissed the plaintiff's purported cross appeal, we would have affirmed so much of the order as denied his motion to dismiss the fifth counterclaim. Latham, J. P., Damiani, Suozzi and Gulotta, JJ., concur.