*27 OPINION OF THE COURT
Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of the State Comptroller.
On November 12, 1963 Alfred Demerritt, a municipal employee, filed an application for membership in the New York State Employees Retirement System and designated his wife, the respondent Eva Demerritt, as his beneficiary. Alfred Demerritt died on December 29, 1976. Following his death the estate of the decedent made claim for his death benefit based upon a waiver which had been executed by Eva Demerritt on April 25, 1977. In that waiver, which was in affidavit form, Eva Demerritt expressly waived her rights to any moneys in the New York State Employees Retirement System. Notwithstanding the execution of the waiver, the Comptroller determined that Eva Demerritt is the duly designated beneficiary of Alfred Demerritt and that the Retirement and Social Security Law (§ 60, subd c; § 51, subd d) mandates that the Comptroller pay death benefits only to such designated beneficiary.
The Comptroller’s determination was made on March 2, 1978. In accordance with that decision, payment was made on March 15, 1978 of the remaining sum held by the Comptroller, $15,605.76. It appears that the Comptroller’s determination was received by petitioner’s attorney on March 11, 1978 and petitioner obtained an order to show cause with a stay on March 15, 1978. The order was not served on the Comptroller until March 17, 1978 and on the Attorney-General until March 20, 1978.
The court agrees with the Comptroller’s contention that he was required by the applicable provision of the Retirement and Social Security Law to pay the death benefits to Eva Demerritt (see Caravaggio v Retirement Bd. of Teachers’ Retirement System of City of N. Y., 36 NY2d 348; Matter of Ginsberg v Levitt, 36 AD2d 82). Lade v Parker (65 Misc 2d 369) is not inconsistent with this conclusion. That case merely allowed a party with an equitable claim to the fund to recover against the designated beneficiary after the Comptroller had determined the beneficiary’s legal entitlement thereto. Crowley v New York State Employees’ Retirement System (58 Misc 2d 788) is distinguishable in that the designated beneficiary had, following the member’s death, assigned her rights to the plaintiff. In the present case, the designated beneficiary *28 merely executed a waiver of her rights to the fund, and the Comptroller properly determined that he was required by law to pay the benefits to the member’s designated beneficiary.
If the funds were still in the possession of the Comptroller, then a direction that he pay the money into court pursuant to CPLR 2701 (subd 2) might be appropriate (Lade v Levitt, 33 AD2d 956). However, since the Comptroller had paid the beneficiary before the order containing the stay was served upon him, he cannot now be directed to do so. It would appear that petitioner will be relegated to an independent action against the beneficiary to recover the sums received by her.
For the foregoing reasons, the petition shall be dismissed, and the determination of the Comptroller confirmed, without costs.