■ In the Matter of GEORGE DEMERRITT, as Administrator of the Estate of ALFRED DEMERRITT, Deceased, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 9, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Comptroller. The administrator of the estate of a deceased member of the New York State Employees' Retirement System sought to prevent the Comptroller's payment of death benefits to the decedent's duly designated beneficiary by claiming that the named beneficiary, decedent's surviving spouse, had renounced her right to these death benefits. It is clear that the Retirement and Social Security Law (§ 60, subd c; § 51, subd d) mandates that the Comptroller pay death benefits only to such designated beneficiary (Matter of Ginsberg v Levitt, 36 AD2d 82, 84, mot for lv to app den 28 NY2d 486, cert den 404 US 959, reh den 404 US 1027; Lade v Levitt, 33 AD2d 956, 957; Werner v Werner, 70 Misc 2d 1051, 1052; Lade v Parker, 65 Misc 2d 369, 371-372). Therefore, the Comptroller properly dismissed petitioner's claim for the decedent's death benefits. Such claims are to be resolved by the parties themselves. However, when claims challenging the payment of death benefits by the Comptroller are made, and judicial orders sought under the authority of CPLR 2701 (subd 2) are timely served on the Comptroller, funds still in his possession will be paid into the court (Lade v Levitt, supra; Werner v Werner, supra). Petitioner's papers indicate that an order to show cause, including an order temporarily restraining the Comptroller from disbursing any of the claimed funds still in his possession, was served two days after a check had been mailed to the duly designated beneficiary in Georgia. A check is not absolute payment until it is paid by the drawee bank in due course (Stream v CBK Agronomics, 79 Misc 2d 607, 609, mod on other grounds 48 AD2d 637; Uniform Commercial Code 3-409). But whether the Comptroller could have issued a timely stop-payment order need not be considered because petitioner apparently abandoned further proceedings in the Supreme Court of Nassau County which issued the temporary restraining order and because service upon the Comptroller two days after issuance of the order by the court was untimely according to the expressed time of service provisions in the order itself. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part. [95 Misc 2d 26.]