■ In the Matter of SAMUEL JACOBELLI, Individually and as Executor of VINCENT JACOBELLI, Deceased, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which disapproved petitioner's application for the payment of ordinary death benefits and any accumulated contributions available on account of the death of Vincent Jacobelli, a member of the New York State Employees' Retirement System. On January 20, 1949, the decedent Vincent Jacobelli, then a State employee, nominated "Juanita Jacobelli whose address is 35 Riverdale Avenue, Port Chester, N.Y." and whose relationship to the decedent was stated to be "wife", as beneficiary of his State retirement benefits. Following his death on September 22, 1976, petitioner (decedent's brother) was appointed executor of his estate and on its behalf claimed the benefits. When payment was refused, a hearing was held pursuant to section 74 of the Retirement and Social Security Law to determine the estate's entitlement. At the hearing, petitioner and his sister testified that decedent was married only once, in 1957, to a woman named Rose Zacchenino (now deceased) and that his application for the marriage license stated that the marriage was his first; that at all times, except during his marriage and for other brief periods, decedent lived with petitioner and their sister at 35 Riverdale Avenue, Port Chester, N. Y.; that petitioner and the sister never knew or heard of a Juanita Jacobelli; that decedent was never married to anyone by that name; that Juanita Jacobelli never resided at 35 Riverdale Avenue which is their address; that their close family relationship would have disclosed such marriage if ever it had taken place; and that, as far as petitioner and his sister were concerned, there was no Juanita Jacobelli. In the face of this testimony the Comptroller introduced the designated beneficiary form naming Juanita Jacobelli, and relies on it exclusively for the substantial

evidentiary support necessary for his determination. He refused to introduce or to produce for petitioner's inspection the investigation that he conducted in regard to Juanita Jacobelli, despite petitioner's request that he do so. Because of such refusal, the record is barren of any proof of the existence, the whereabouts or the death of Juanita Jacobelli. The refusal was said to be for her protection. It is difficult to understand, however, how she could be protected if the investigation were to show she never existed. Inasmuch as the entitlement of decedent's estate to the retirement benefits depends directly on Juanita Jacobelli, the results of the Comptroller's investigation concerning her must be disclosed, for it is perfectly plausible to assume that the key to the issue lies therein. It can even be supposed that, if revealed, the results of the investigation conducted by the Comptroller and possessed by the Comptroller could conflict with the determination made by him. According to the Comptroller the fact that the name Juanita Jacobelli appears in decedent's designation form as beneficiary of his retirement benefits is all that is required to support his determination, since he must retain the benefits for the named beneficiary if and when she appears. Regardless of whether this conclusion is correct in a case where the named beneficiary is known to be alive, it cannot be determinative when the estate, as herein, has offered testimony questioning the very existence of the named beneficiary and claiming in effect that she is a fictitious person. When this occurs (and she has not in fact appeared or claimed the benefits for these many years), the name Juanita Jacobelli appearing in the designation does no more than prove that the designation contains such a name. Under the express provisions of subdivision c of section 60 and subdivision d of section 51 of the Retirement and Social Security Law, decedent's estate is entitled to the State retirement benefits in issue if the named beneficiary never existed, or existed and predeceased decedent (*Matter of Ginsberg v Levitt*, 36 AD2d 82). In order to comply with this statute, it is absolutely essential that the status of Juanita Jacobelli be ascertained. Otherwise, the Comptroller, in defiance of the statutory provisions, can retain the benefits interminably, to the detriment of the estate. In view of the record's deficiency in this regard, the Comptroller's determination lacks a substantial evidentiary basis. A rehearing should, therefore, be held in which the results of the Comptroller's investigation of Juanita Jacobelli must be disclosed. On the rehearing, petitioner would be well advised to show his efforts of a diligent search for Juanita Jacobelli by publication and investigation of vital statistics records and the like, and any other means exerted by him in an effort to locate her. Petition granted and determination annulled, without costs; matter remitted to respondent for further proceedings not inconsistent with the views expressed herein. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.