Roy A. Couture, Appellant, v Edward Regan, as Comptroller of the State of New York, Defendant, and Francis E. Rawlings, as Executor of Gladys E. Couture, Deceased, et al., Respondents.

Third Department, October 31, 1985

### APPEARANCES OF COUNSEL

*Terence L. Kindlon* for appellant.

*Harvey & Harvey, Mumford & Kingsley (Christina L. Tangredi* of counsel), for respondents.

### OPINION OF THE COURT

Weiss, J.

The instant action involves two conflicting claims to the benefits payable upon the death of Gladys E. Couture, a member of the New York State Employees' Retirement System, who died on September 9, 1984. Plaintiff, the widower of decedent, claims the funds as an allegedly irrevocably designated beneficiary under a judicial order of support. Defendants Cheryl Denvir, Jill Couture and Jeffrey Couture, the adult children of decedent, claim the benefits due as the last named beneficiaries designated by decedent.

Plaintiff and decedent were married on July 1, 1956. In July 1983, decedent petitioned for support from plaintiff pursuant to Family Court Act article 4. By stipulation between the parties, an amended order of support was issued by Family Court on October 24, 1983 which provided, *inter alia,* for decedent to

select retirement benefits under Option 1 (*see*, Retirement and Social Security Law § 90 [a]) and name plaintiff as irrevocable beneficiary. In addition to assuming certain support obligations, plaintiff agreed to reimburse decedent the difference between the lower monthly benefit received under Option 1 and the optimum benefits receivable under her previously selected retirement allowance, Option 0 (*see*, Retirement and Social Security Law § 90 [a]). Significantly, the parties were cognizant that decedent was suffering from terminal cancer at the time of this agreement, and the new retirement allowance was designated to maximize the death benefit payable. Additionally, plaintiff agreed to reimburse decedent for premiums paid on a life insurance policy naming the children as beneficiaries. Decedent complied with the support order by filing a new selection of benefits and designation of beneficiary. On August 22, 1984, however, shortly before her death, decedent substituted her three children as beneficiaries under the retirement allowance. The designation specifically revoked any previous beneficiary designation, and was acknowledged as received by defendant State Comptroller on August 27, 1984.

Plaintiff commenced the instant action against the Comptroller, Francis E. Rawlings, as executor of decedent's estate, and the three children, seeking, *inter alia,* a declaration of his rights to the death benefits, the imposition of a constructive trust on the funds and a judgment of damages equivalent to the amount of the death benefits as a consequence of the breach of the support order. Following plaintiff's application to restrain the Comptroller from making any payment of the death benefits, the Comptroller deposited the funds with the court (CPLR 2701; *see, Matter of Demerritt v Levitt,* 71 AD2d 757; *Lade v Levitt,* 33 AD2d 956, 957, *appeal dismissed* 27 NY2d 532). Defendants Cheryl Denvir and Jill Couture[*] moved pursuant to CPLR 3211 (a) (2) and (7) for an order dismissing the complaint. Plaintiff cross-moved for summary judgment, seeking specific performance of the October 1984 support order and underlying stipulation or imposition of a constructive trust over the death benefits. Special Term, relying on *Caravaggio v Retirement Bd. of Teachers' Retirement Sys.* (36 NY2d 348), dismissed the complaint against all defendants except Rawlings. The court concluded that plaintiff was entitled to proceed against decedent's estate on either a breach of contract or constructive trust basis. Special Term further denied plaintiff's cross motion for sum-

---

[*] It appears that neither Jeffrey Couture nor Rawlings, as executor, had been served with the summons and complaint at this point in time.

mary judgment as against the estate and his request for a preliminary injunction. This appeal by plaintiff ensued.

Initially, we note that plaintiff does not challenge the dismissal of the complaint as against the Comptroller, who properly paid the death benefits into court pursuant to CPLR 2701. The issue here is whether a member of the New York State Employees' Retirement System may effectively agree, pursuant to a judicial order of support, to irrevocably designate a beneficiary of her retirement allowance. We agree with Special Term that the *Caravaggio* decision is determinative of this issue. There, the Court of Appeals determined that a member of a civil employee pension system: "may not effectively agree, in a separation agreement, *or otherwise,* to designate irrevocably a beneficiary of benefits payable on death. Such an agreement, while perhaps a contractual promise enforceable against the general assets of the deceased member's estate, will not operate to defeat the claim of a later validly-designated beneficiary to the specific fund" (36 NY2d, p 350; emphasis supplied). Although *Caravaggio* pertained to a member of the New York City Teachers' Retirement System, the Court of Appeals clarified that its decision pertained to other public retirement systems, including that system of which decedent was a member (*supra,* p 352). The public policy underlying the pensioning of civil employees is the same here as in *Caravaggio,* i.e., "to protect the member and his family from the results of his own improvidence or misfortune" (*supra,* p 353). Specific performance of the October 24, 1983 support order purporting to irrevocably designate plaintiff as beneficiary would violate this public policy (*see, Leavitt v Leavitt,* 54 AD2d 707, 62 AD2d 1013). Moreover, as a member of the New York State Employees' Retirement System, decedent had a statutorily authorized right to change her designation of beneficiary at any time (Retirement and Social Security Law § 60 [c]; § 90 [c] [3] [a]). To the extent that *Lade v Parker* (65 Misc 2d 369, 373) and *Lapolla v Retirement Bd. of Teachers' Retirement S;'s.* (140 NYS2d 449) suggest otherwise, their rationales have been rejected by the Court of Appeals (*Caravaggio v Retirement Bd. of Teachers' Retirement Sys., supra,* pp 355-356). It follows that as validly designated beneficiaries, decedent's three children are entitled to the death benefit.

Plaintiff's assertion that the antiassignment rationale of *Caravaggio* (*supra*) conflicts with more recent case law subjecting pension benefits to equitable distribution is not persuasive. Beyond the fact that this case does not involve the dissolution of a marriage, the Court of Appeals recently concluded in *Majauskas v Majauskas* (61 NY2d 481) that while statutory antiassign-

ment provisions do not preclude the equitable distribution of pension benefits as marital property, such provisions do prevent a pensioner from contracting away his designation rights by separation agreement or otherwise (*supra*, p 493). Plaintiff's further contention that, as decedent's spouse, his receipt of the death benefits would not violate the family protection purpose of the antiassignment statutes is clearly unavailing (*see, Caravaggio v Retirement Bd. of Teachers' Retirement Sys., supra*, p 354). Nor may plaintiff successfully utilize private life insurance principles, which generally permit free assignment (*supra*).

This is not to suggest that plaintiff is without a remedy. As in *Caravaggio*, plaintiff may have certain rights based on contract against decedent's estate (*Caravaggio v Retirement Bd. of Teachers' Retirement Sys., supra*, p 357). Thus, contrary to plaintiff's suggestion, no impairment of the obligations of a contract in violation of the Federal Constitution (*see*, US Const, art I, § 10) is discernible. At this stage of the proceedings, however, in which the estate has yet to serve an answer, Special Term properly denied plaintiff's cross motion for summary judgment, particularly since questions of fact may exist as to consideration and decedent's capacity at the time of the support order.

Finally, we take note that since this is, in part, a declaratory judgment action, Special Term should have directed the entry of a judgment declaring that the August 22, 1984 designation of the individual defendants as beneficiaries entitled to receipt of the death benefits is valid and enforceable (*see, Holliswood Care Center v Whalen*, 58 NY2d 1001, 1004). Accordingly, the order appealed from should be modified so as to delete the provision directing dismissal of the complaint as against the individual defendants, and the matter should be remitted to Special Term for the entry of an appropriate judgment declaring the rights of the parties in accordance herewith.

MAIN, J. P., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Order modified, on the law, without costs, by deleting so much thereof as directs dismissal of the complaint against various defendants; matter remitted to Special Term for entry of an appropriate judgment declaring the rights of the parties in accordance herewith; and, as so modified, affirmed.

# MEMORANDA

OF

*DECISIONS RENDERED DURING THE PERIOD EMBRACED IN THIS VOLUME*