MARION C. WEIZENECKER, Individually and as Parent and Natural Guardian of JAMES M. WEIZENECKER, an Infant, Appellant, v JOHN C. WEIZENECKER et al., Respondents.

This action involves conflicting claims to certain pension benefits and life insurance proceeds payable upon the death of decedent Raynor Weizenecker, a member of the New York State Employees' Retirement System. The plaintiff, the decedent's ex-wife, claims that the funds belong to their infant son, James Weizenecker, who was to be named as an irrevocably designated beneficiary under a stipulation of settlement of an action for divorce and in the judgment of divorce.

On February 16, 1982, the decedent Raynor Weizenecker executed a designation of beneficiary form for the New York State Employees' Retirement System, designating as his beneficiaries the defendants John C. Weizenecker and Daisy D. Barland. At the time of the designation, decedent was married to the plaintiff Marion C. Weizenecker. Thereafter, on September 17, 1982, the decedent and the plaintiff entered into a stipulation of settlement of an action for a divorce and ancil-

lary relief. Subsequent to the stipulation and entry of the divorce judgment, no application was made by the plaintiff or the decedent to change the beneficiary. The defendants claim the benefits as the last-named beneficiaries designated by the decedent. Thus, the issue is whether a member of the New York State Employees' Retirement System may effectively agree, pursuant to a stipulation of settlement incorporated in a divorce judgment, to irrevocably designate a beneficiary of his retirement benefits.

We find that the decision of the Court of Appeals in *Caravaggio v Retirement Bd. of Teachers' Retirement Sys.* (36 NY2d 348), is determinative of this issue. There, the court held that a member of a civil employee pension system "may not effectively agree, in a separation agreement, or otherwise, to designate irrevocably a beneficiary of benefits payable on death. Such an agreement, while perhaps a contractual promise enforceable against the general assets of the deceased member's estate, will not operate to defeat the claim of a later validly-designated beneficiary to the specific fund" *(Caravaggio v Retirement Bd. of Teachers' Retirement Sys., supra,* at 350; *Leavitt v Leavitt,* 54 AD2d 707, *appeal after remand* 62 AD2d 1013). Accordingly, those portions of the plaintiff's complaint which were against the defendants individually as the designated beneficiaries of the benefits were properly dismissed.

We find, however, that the complaint should not have been dismissed in its entirety. The second cause of action sets forth a claim against the defendants in their representative capacities, seeking damages against the estate for the decedent's breach of the stipulation of settlement. Thus, the plaintiff has stated a cause of action envisioned by the court in *Caravaggio (Caravaggio v Retirement Bd. of Teachers' Retirement Sys., supra,* at 357).

Finally, we find that the case should be transferred to the Surrogate's Court since, wherever possible, all litigation involving property and funds of a decedent's estate should be disposed of in the Surrogate's Court *(see, Peekskill Community Hosp. v Sayres,* 88 AD2d 657, *lv dismissed* 58 NY2d 601).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.