**In re Brian Richard BRUBAKER and Cynthia Ann Brubaker, Debtor(s).**

**No. 9:09–bk–13722–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

April 1, 2010.

Kevin C. Gleason, Kevin Gleason PA, Hollywood, FL, for Debtors.

## *ORDER DENYING DEBTORS' MOTION FOR RECONSIDERATION OF ORDER SUSTAINING TRUSTEE'S OBJECTION TO AMENDED CLAIM OF EXEMPTION*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Brian Richard Brubaker and Cynthia Ann Brubaker (the Debtors), is Debtors' Motion for Reconsideration of Order Sustaining Trustee's Objection to Amended Claim of Exemption (Doc. No. 66), entered by this Court on February 10, 2010 (Doc. No. 64).

The facts as they appear from the record are without dispute and can be summarized as follows:

On June 26, 2009, the Debtors filed their Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. On July 7, 2009, the Debtors filed their initial Schedule B indicating the sum of $513.00 was being held in a joint checking account (Doc. No. 12). However, the Debtors failed to claim any property as exempt on their Schedule C. On July 10, 2009, the Debtors filed their Amended Schedule C which included the $513.00 as exempt pursuant to Art. 10 § 4(a)(2) of the Florida Constitution and pursuant to Fla. Stat. § 222.061 (Doc. No. 15). On July 14, 2009, this Courted entered its Order Striking the Amendment since the Amendment failed to contain an appropriate proof of service in compliance with Fed. R. Bank. P. 1009(a) (Doc. No. 18). On August 5, 2009, the Debtors filed their Amended Schedules and complied with the requirements set forth in Fed. R. Bank. P. 1009(a) (Doc. No. 20).

On August 19, 2009, Diane L. Jensen, the Chapter 7 Trustee (the Trustee), filed her Objection to Debtors' Claim of Exemptions (Doc. No. 25). The Trustee objected to the Debtors claim of exempt property consisting of everything listed on the Debtors' Amended Schedule C except for the Jaguar and the Debtors' IRAs. In her Objection the Trustee specifically objected to the Debtors' bank account totaling the sum of $5,862.38 as of the date of the filing, rather than the sum scheduled. The Trustee argues that because the funds in question were still in the Debtors' bank account on the date they filed their Petition for Relief, the monies in the Debtors' bank account became property of the estate pursuant to Section 542 of the Bankruptcy Code as of the date filing date.

On September 9, 2009, the Debtors' filed Debtors' Response to Trustee's Objection to Claim of Exemption (Doc. No. 34). It is the Debtors' contention that they claimed the amount of $513.00 as exempt. The Debtors' contend that the Trustee's position that a debtor is responsible for checks honored by the bank after the date of the

filing of a petition is unsupported. The Debtors' contend that the position of the Trustee is contrary to the position explained in the Debtors' Schedules. In support of their position, the Debtors in their Response to the Trustee's Objection rely on the case of *In re Pyatt*, 486 F.3d 423, (8th Cir.2007). It is the Debtors position that the checks written pre-petition, but negotiated post-petition, should be deducted from the account balances and the *Pyatt* case is consistent with the following provisions of the Code, which is the authority for omitting checks which have been sent pre-petition. *See In re Pyatt*, 486 F.3d 423, 429 (8th Cir.2007).

On October 1, 2009, the Debtors filed their Amended Schedule B and Schedule C (Doc. No. 39). On October 5, 2009, the Trustee filed Trustee's Objection to Debtor's Amended Claim of Exemption (Doc. No. 42). The Trustee in her Objection repeated her Objection to Debtors Claim of Exemption (Doc. No. 25), filed on August 19, 2009, to the extent that it is necessary to preserve the claims raised in her prior objection. On October 26, 2009, the Debtors filed Debtors' Response to Trustee's Objection to Amended Claim of Exemption (Doc. No. 45) which makes reference to the Debtors prior response filed on September 9, 2009 (Doc. No. 34). Based on the foregoing, the Debtors' request that this Court enter an order overruling the Trustee's Objection to their exemptions.

On February 5, 2010, at the duly scheduled and noticed hearing on the Trustee's Objections (Doc. Nos. 25 and 42), and the Debtors' Responses in Opposition to the Trustee's Objections (Doc. Nos. 34 and 45), this Court heard argument of the Trustee and counsel for the Debtors and determined that the money in the Debtors' bank account on the date the Debtors filed their Petition for Relief was property of the bankruptcy estate. On February 10, 2010, this Court entered its Order Sustaining the Trustee's Objection to Debtors' Claim of Exemption (Doc. No. 64). Based on this Court's Order Sustaining the Trustee's Objection, the Debtors filed the current Motion for Reconsideration which is the current matter under consideration.

 It should be noted at the outset that the Trustee carries the burden of proof on her Motion for Turnover. To the extent that the record is incomplete or does not address certain evidentiary issues, the court must hold the Trustee responsible. In seeking the entry of a turnover order, the burden is on the trustee to show that the property or proceeds are part of the bankruptcy estate. *Maggio v. Zeitz*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948); *In re Joe Necessary & Son, Inc.*, 475 F.Supp. 610 (W.D.Va.1979). The general rule is that "[t]he trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition." *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). The trustee is also granted the powers of a judicial lien creditor as of the date of the bankruptcy and the trustee may avoid any transfer of property or obligation that would be avoidable by a creditor who obtains a judicial lien on all the debtor's property. *See* 11 U.S.C. § 544(a)(1).

 As noted above, the Trustee is seeking turnover from the Debtors pursuant to Section 542 of the Bankruptcy Code. Section 542(a) provides, in pertinent part, that "an entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such

property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). Pursuant to Section 541 the commencement of a bankruptcy case creates an estate. "Property of the estate" is broadly defined under the Bankruptcy Code. Section 541 provides, in pertinent part, that "[s]uch estate is compromised of the following property, wherever located and by whomever held", including "... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

It is the Trustee's position that the monies held in the Debtors' bank accounts as of the date they filed their Voluntary Petition for Relief pursuant to Chapter 7 of Bankruptcy Code, became property of the estate pursuant to Section 541(a)(1) of the Bankruptcy Code. In support of her position, the Trustee presented two cases for this Court's consideration that address the precise issue on point. In the decision of *In re Parker*, 2008 WL 906570 (Bkrtcy. N.D.N.Y.) the trustee filed a motion for the turnover of funds pursuant to 11 U.S.C. § 542. Prior to filing for bankruptcy relief, the debtor maintained a checking account. The debtor had listed the bank account on his schedules, but had listed in his Schedule B that he had a balance of $2,500.00 in the checking account. Upon investigation, the trustee discovered that the debtor had a balance of $3,275.94 in his bank account on the date the debtor filed his bankruptcy petition. The trustee included those checks which had been written pre-petition by the debtor, but had been honored post-petition by the debtor's bank. The trustee pursued the debtor and demanded in writing that the debtor turnover the sum of $3,324.55. The debtor asserted that the balance in the checking account should be reduced by the amount of the checks written pre-petition, but negotiated post-petition, for the purposes of calculating nonexempt property.

The Court determined that "[u]nder the New York Uniform Commercial Code, a check is simply an order to the drawee to pay the sum stated, signed by the makers and payable on demand." N.Y.U.C.C. § 3–104 (McKinney's 2001). The court concluded that the "recipient of a check has no right to funds in an account until the check is presented for payment" and pursuant to "New York law, a check is not considered absolute payment until it is honored by the drawee bank." *See Demerritt v. Levitt*, 71 A.D.2d 757, 419 N.Y.S.2d 319, 320 (N.Y.App.Div.3d Dept. 1979) (citation omitted), appeal denied, 48 N.Y.2d 607 423 N.Y.S.2d 1025, 399 N.E.2d 955 (1979).

The court took into consideration the minimal case law that was available with respect to the issue and determined that there were two schools of thought. The court determined that one school placed the burden on the debtor to recover the money. *See In re Spencer*, 362 B.R. 489 (Bankr.D.Kan.2006); *In re Sawyer*, 324 B.R. 115 (Bankr.D.Ariz.2005); *In re Dybalski*, 316 B.R. 312 (Bankr.S.D.Ind.2004); *In re Maurer*, 140 B.R. 744 (D.Minn.1992). The second school is of the opinion that the trustee should be responsible. *See In re Pyatt*, 486 F.3d 423 (8th Cir.2007); *In re Minter–Higgins*, 366 B.R. 880 (Bankr. N.D.Ind.2007); *In re Taylor*, 332 B.R. 609 (Bankr.W.D.Mo.2005); *In re Figueira*, 163 B.R. 192 (Bankr.D.Kan.1993). However, both schools agree that the funds are property of the estate and that neither outcome is good for debtors. *Id.* *4. The court concluded that on the date the debtor filed his petition for relief, the entire a sum held in the. debtor's checking account became an asset of the debtor's estate pursuant to Section 541(a)(1) of the Bankruptcy Code.

The other reported decision presented to this Court in support on the Trustee's

position is the case of *In re Yoon v. Minter–Higgins,* 399 B.R. 34 (N.D.Ind. 2008). In the case of *In re Yoon,* 399 B.R. 34 (N.D.Ind.2008) the trustee filed a motion for the turnover of funds pursuant to 11 U.S.C. § 542. The bankruptcy court denied the trustee's motion for turnover of the funds that were in the debtor's bank account on the date she filed her petition for relief. The bankruptcy court determined that the funds that had been transferred were authorized under the bankruptcy code and denied the trustee's motion for turnover. The trustee appealed the bankruptcy court's decision pursuant to 11 U.S.C. § 158. The trustee's argument was that the court's legal conclusions were erroneous. The district court found that the trustee was entitled to recover from the debtor the value of the funds that were in the debtor's bank account on the date she filed her voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

Pursuant to the Uniform Commercial Code (U.C.C.) Section 3–104 and/or Fla. Stat. § 673–1041, it is clear that the checks utilized by the Debtors were negotiable instruments. Of importance to this Court's analysis is the fact that a negotiable instrument includes an "unconditional promise to pay." In this case, the Debtors presented checks to their creditors with such an unconditional promise to pay.

Section 3–104 of the U.C.C. and Fla. Stat. § 673–1041, outline the requirements of a negotiable instrument as: "an unconditional promise or order to pay a fixed amount of moneys with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertak-

ing or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor." U.C.C. § 3–104 (2009); Fla. Stat. § 673.1041(2009)

In the case of *In re Maurer,* 140 B.R. 744 (D.Minn.1992), the District Court, on appeal, affirmed the conclusion of the bankruptcy court that the debtor must turn over the funds that were in his account on the date that he filed even though the debtor had delivered three checks to his creditors pre-petition, which were not honored by the debtor's bank until after the debtor had filed his petition for relief. Upon a review of the debtor's account, the trustee discovered that the debtor had $1,083.11 on deposit when he filed his petition. Subsequently, three checks were honored post-petition by the debtor's bank, leaving the debtor with a balance of $43.21. *Id.* at 745. The Appellate Court first analyzed the Supreme Court decision of *Barnhill v. Johnson,* 503 U.S. 393, 112 S.Ct. 1386, 1390, 118 L.Ed.2d 39 (1992), wherein the Supreme Court determined that, at least for purposes of Section 547(b), the transfer occurred only when the debtor directed his bank to honor the check, and the bank, in fact, did so. *Id.* at 745. Acknowledging that the Eighth Circuit had not yet taken a position on the issue pursuant to Section 542, and that the courts had different interpretations as to whether the date of the delivery of the check or the date that the check was honored should control, depending on the Subsection or Section being analyzed, the Court in *Maurer* determined that the policy issue required that there be an equitable distri-

bution to creditors, and that policy was best effectuated by determining that the funds remained in the estate until the debtor's bank honored the check. *Id.* at 746. The court's analysis makes sense in that until the checks were honored by the debtor's bank, the debtor still had the opportunity to close the account or to stop payment on the checks. For purposes of Section 547(c), the court noted that the Eighth Circuit had relied on the date of the delivery of the check as being the operative date, but had determined that the date of payment was the applicable date for purposes of Section 547(b). *Id.* at 746.

Although this Court has an enormous amount of sympathy for the pro se Debtors there is nothing in the record to reflect that the Debtors were acting in bad faith or with fraudulent intent. The Debtors simply seemed to be depositing funds, allowing debits from their account by merchants, and writing checks in the ordinary course. However, the Court cannot disregard those provisions of federal and state law which provide, at a minimum, (1) that the Debtors' interest in the bank account became property of the bankruptcy estate when they filed their petition, and (2) that although the Debtors may not have had technical custody of those funds as to which they had written checks to their creditors, they did have control over the funds on the date they filed their Petition for Relief. Based on the foregoing, this Court is satisfied that once the Trustee established the balance in Debtors' checking account on date they filed for bankruptcy, the Trustee would be entitled to turnover of nonexempt portion of such funds, with no reduction for checks which the Debtors had written pre-petition, but which had not cleared their account as of the commencement of the bankruptcy case. Inasmuch as this Court has determined that the Trustee is entitled to turnover of the nonexempt portion of the funds in the Debtors' bank account, it is appropriate for this Court to deny the Debtors' Motion for Reconsideration of Order Sustaining Trustee's Objection to Amended Claim of Exemption (Doc. No. 66) and affirm its prior decision in its Order Sustaining the Trustee's Objection to Debtors' Claim of Exemption (Doc. No. 64).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Debtors' Motion for Reconsideration of Order Sustaining Trustee's Objection to Amended Claim of Exemption (Doc. No. 66) be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED the Order Sustaining Trustee's Objection to Amended Claim of Exemption (Doc. No. 66) be, and the same is hereby affirmed.