■ In the Matter of ANN PROUSE, Appellant, v MARY MISARTI, Also Known as MARY E. PROUSE, et al., Respondents.— Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered November 5, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent New York State Employees' Retirement System, and which converted part of this proceeding into a declaratory judgment action and declared, *inter alia,* that respondent Mary Misarti did not waive any rights to the retirement death benefits which are the subject of this litigation.

Charles J. Prouse (hereinafter Prouse) joined the New York State Employees' Retirement System on January 16, 1964 and designated respondent Mary Misarti, who was then his wife, as beneficiary. On July 24, 1972, the parties entered into a separation agreement wherein they waived all claims for benefits which they had or could have against each other. On September 16, 1972, Misarti and Prouse were divorced. There-

after, on February 16, 1974, Prouse married petitioner and they lived together until Prouse's death on June 4, 1983. Prouse had never changed the designated beneficiary of his retirement benefits.

Pursuant to petitioner's application for payment of death benefits, a hearing was held. The hearing officer denied the application, stating that Retirement and Social Security Law § 60 mandates that respondent Comptroller pay death benefits only to named beneficiaries and that such designation must be made in writing, duly acknowledged and be on file with the Comptroller prior to the death of the Retirement System member. On January 25, 1984, the Comptroller adopted the hearing officer's decision.

Petitioner commenced this CPLR article 78 proceeding to annul the Comptroller's determination and, further, to have the court declare that Misarti has renounced and waived any interest in the death benefits presently being held in escrow. Special Term dismissed the petition, converted that part of the petition seeking relief as against Misarti into a declaratory judgment action (CPLR 103) and declared that the waivers and releases contained in the separation agreement dated July 24, 1972 did not waive or release any rights of Misarti in the retirement death benefits which are the subject of this litigation. Special Term also ordered the Comptroller to pay the death benefits to Misarti.* This appeal by petitioner ensued.

We affirm. It is established law that retirement death benefits shall be paid to such person as a member shall have nominated to receive such benefits. To be effective, such a nomination must be in the form of a written designation, duly acknowledged and filed with the Comptroller for the specific purpose (Retirement and Social Security Law § 60 [c]). The seminal case in this area of the law is *Caravaggio v Retirement Bd.* (36 NY2d 348, 357), wherein the court stated that retirement death benefits payable to a named beneficiary are not general estate assets "but a specifically-protected fund governed by statute heavy with public policy. Because of the strong policy considerations noted the right to change one's beneficiary of benefits payable after death is ambulatory, like the right to make a will." This court has also held that: "Retirement system benefits must be paid to the person named by the member in the written designation * * *. The

---

* The parties stipulated that the funds be held in escrow pending this appeal.

Legislature has vested the Comptroller with no power or discretion to pay the benefits to any person other than the member's duly designated beneficiary" *(Matter of Ginsberg v Levitt,* 36 AD2d 82, 84, *lv denied* 28 NY2d 486, *cert denied* 404 US 959). Having concluded that petitioner is not entitled to the death benefits now being held in escrow *(see, Curley v Giltrop,* 115 AD2d 875), we also affirm that part of the judgment which declared the rights as among the parties hereto.

Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss and Harvey, JJ., concur.

Yesawich, Jr., J., concurs in the following memorandum. Yesawich, Jr., J. (concurring). I would simply observe that our disposition does not represent a declaration of the rights to the death benefits as between the estate of Charles J. Prouse and respondent Mary Misarti.