■ ROBERT DEL GAIZO, Individually and as Administrator of the Estate of MICHAEL DEL GAIZO, Deceased, et al., Respondents, v ANGELINE DEL GAIZO, Individually and as Natural Guardian of JOHN DEL GAIZO and Others, Infants, et al., Defendants, and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.—Casey, J. Appeal from that part of a judgment of the Supreme Court at Special Term (Connor, J.), entered November 20, 1985 in Ulster County, which directed defendant New York State Teachers' Retirement System to pay into court any and all benefits determined to be due to defendant Angeline Del Gaizo as a result of the death of Michael Del Gaizo.

This action involves conflicting claims to certain pension benefits and life insurance proceeds payable upon the death of decedent, Michael Del Gaizo, including the death benefit arising out of decedent's membership in defendant New York State Teachers' Retirement System. Defendant Angeline Del Gaizo is decedent's second wife and the mother of two of his children. Plaintiffs are decedent's children by his previous marriage. At the time of his death, decedent was separated from his second wife pursuant to a separation agreement which provided, *inter alia,* that each party waived and released any right or claim which either had to the estate, property or assets of the other, including retirement, pension, disability or other benefits. Despite the provisions of the separation agreement, Angeline Del Gaizo was listed as decedent's primary beneficiary on the appropriate form on file with the Retirement System.

Recognizing that the Retirement System's role in this dispute was that of a stakeholder, Special Term directed that the Retirement System pay decedent's death benefit into court *(see, Matter of Demerritt v Levitt,* 71 AD2d 757, *lv denied* 48 NY2d 607; *Lade v Levitt,* 33 AD2d 956, *appeal dismissed* 27 NY2d 532), and dismissed the complaint against the Retirement System. On this appeal, the Retirement System concedes that Special Term had the authority to direct payment of the death benefit into court *(see,* CPLR 2701 [2]), but contends that in this case the court erred in interfering with the Retirement System's obligation to pay the named beneficiary *(see, Caravaggio v Retirement Bd.,* 36 NY2d 348).

The Retirement System's appeal must be dismissed. Only an "aggrieved party" or a person substituted for it may appeal from an order or judgment (CPLR 5511; *see, Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488). CPLR 2601 (a) provides that "[a] party paying money into court

pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in". It is undisputed that the Retirement System's obligation is to pay a death benefit to decedent's beneficiary. Since this obligation is satisfied and the Retirement System is relieved of further liability upon payment of the death benefit into court pursuant to the judgment on appeal, we conclude that the Retirement System is not an aggrieved party within the meaning of CPLR 5511.

Appeal dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.