■ In the Matter of BARBARA ORO, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application to be designated beneficiary of her deceased husband's death benefit.

In October 1969, Michael Oro was divorced from his wife, respondent Joan Oro. He became an employee of the State Thruway Authority in January 1972 and joined respondent State Employees' Retirement System. At that time he designated his ex-wife as the beneficiary of the death benefit feature of his retirement plan. Michael Oro married petitioner in 1976. On October 27, 1986, he applied for retirement and designated December 26, 1987 as his effective retirement date. On November 28, 1986, Michael Oro filed a form indicating which retirement option he elected and designating petitioner as his option beneficiary. However, he did not change the beneficiary designation regarding his death benefit. Michael Oro died on December 10, 1986, prior to the effective date of his retirement.

The Retirement System determined, after a hearing, that Joan Oro, and not petitioner, was entitled to the death benefit. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. The proceeding has been transferred to this court for disposition.

An ordinary death benefit is payable upon the death of a member of the Retirement System who dies prior to the effective date of his retirement (Retirement and Social Secu-

rity Law § 60 [a] [1]), and is to be paid to the person so designated by the member (Retirement and Social Security Law § 60 [c]; *see, Matter of Prouse v Misarti,* 115 AD2d 867, 868). The Retirement System has no discretion to pay the death benefit to any person other than the duly designated beneficiary *(see, Matter of Prouse v Misarti, supra,* at 869; *Matter of Ginsberg v Levitt,* 36 AD2d 82, 84, *lv denied* 28 NY2d 486, *cert denied* 404 US 959). Here, since he died prior to the effective date of his retirement, Michael Oro was a member of the Retirement System when he died (Retirement and Social Security Law § 40 [f]). Accordingly, the Retirement System is legally obligated to pay the death benefit to Joan Oro, who was the designated beneficiary of the death benefit.

The fact that petitioner was designated beneficiary of the retirement option does not change the result. The Retirement System advised Michael Oro that Joan Oro was still on record as beneficiary of the death benefit and advised him to complete a particular form to change the beneficiary designation to petitioner. No such change was ever filed. Also, the application for retirement, upon which Michael Oro gave petitioner's name as the intended beneficiary stated, "This is not a designation of beneficiary." Since Michael Oro clearly designated Joan Oro as beneficiary of the death benefit, the Retirement System properly determined that it had no authority to deem petitioner as the beneficiary.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.