■ In the Matter of ROBERTA VENET, Individually and as Executrix of STANLEY VENET, Deceased, Appellant, v TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Andrew Tyler, J.), entered January 24, 1989, which denied and dismissed petitioner's CPLR article 78 petition seeking to annul respondents' determination, dated on or about December 16, 1987, to pay the decedent's retirement death benefits to Jerrold Segal, unanimously affirmed, without costs.

The decedent, a school teacher in the New York City school system, died at age 50 after 25 years of service as a teacher. Shortly after his appointment in 1972 to a new position at John Jay High School, he executed a designation of beneficiary form naming Jerrold Segal, a friend, and Jeffrey Brenner, his nephew, as joint beneficiaries. On April 19, 1975 the decedent executed a new designation of beneficiary form

which by its terms superseded the prior form and named Jerrold Segal as his sole beneficiary. The decedent married the petitioner in 1982. After he died in 1987, his widow, the petitioner seeks to compel the respondents to pay the death benefits to her, rather than to the designee, Segal.

In support of her claim, petitioner maintains that the designation is invalid because it lacks an acknowledgment of the decedent's signature as required by Administrative Code of the City of New York § 13-558 (a) (Option I). Petitioner also maintains that the decedent's true intent at his death was expressed in his last will and testament in which he bequeathed his entire estate to her. This argument is bolstered by petitioner's assertion that the deceased and Segal were estranged from each other for many years.

However, it is clear that the Teachers' Retirement System has no power or discretion to award the death benefits to any person other than the named beneficiary. *(Matter of Prouse v Misarti,* 115 AD2d 867, 868-869; *Matter of Ginsberg v Levitt,* 36 AD2d 82, 84, *lv denied* 28 NY2d 486, *cert denied* 404 US 959.)* Thus, while decedent may have changed his wish with respect to his death benefits, his failure to formally change the beneficiary through the execution of a new designation of beneficiary form renders the April 19, 1975 designation of Segal as the effective designation.

Petitioner's claim based on the lack of an acknowledgment must fail because the acknowledgment merely serves as prima facie proof of the execution of the instrument, and here there is no allegation that the signature is not the authentic signature of the decedent. *(Bakerman v City of New York,* index No. 20381/82, Sup Ct, NY County, May 27, 1983, Nadel, J., *affd on opn below* 97 AD2d 740, *lv denied* 61 NY2d 604.)* Therefore, the lack of an acknowledgment in this case does not invalidate the designation of beneficiary. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.