■ In the Matter of JOYCE BERLANGERO, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for payment of the remainder of the pension reserve fund of her deceased stepfather.

The facts underlying this CPLR article 78 proceeding are not disputed. Decedent, Joseph Sepcenski, was a member of respondent, New York State and Local Employees' Retirement System (hereinafter ERS). Petitioner, as the only child of decedent's second wife, Veronica Berlangero Sepcenski, is decedent's stepdaughter. On or about December 10, 1982, while still employed, decedent filed a designation of beneficiary form (RS 5127) with ERS in which he named his wife, Veronica, primary beneficiary of his retirement system death benefits and petitioner as contingent beneficiary. Decedent retired in August 1983 after being diagnosed as suffering from cancer. He elected option 1 (cash refund—initial value) as his retirement option. This option provides a monthly retirement allowance to the member and upon his death the unexpended balance of his pension reserve fund to a named beneficiary (see, Retirement and Social Security Law § 90 [a]). The option form further provides "[i]f my beneficiary predeceases me, pay my estate or another beneficiary I may name." Decedent named his wife, Veronica, as his option beneficiary but he did not name a contingent beneficiary. Veronica died on October 11, 1985, predeceasing decedent who died December 17, 1985. During this intervening two-month period, decedent failed to name a new option beneficiary and died intestate.

The unexpended portion of decedent's pension reserve fund amounted to nearly $93,000. Petitioner made application for these proceeds based on her designation as contingent beneficiary on form RS 5127 and decedent's expressed intention that her mother and herself would always be taken care of financially. At the hearing, petitioner claimed that decedent was too ill and too despondent over her mother's death to make the effort necessary to name her option beneficiary after her mother's death. She further claims that he would have named her contingent beneficiary on the option form (RS 6109) as he had done previously on form RS 5127, but unlike the latter form there was no space provided on the option election form to do so.

By letter dated February 13, 1986, ERS advised petitioner

that inasmuch as decedent's wife, the designated option beneficiary, had predeceased decedent the fund was payable to his estate. Despite the testimony of petitioner's witnesses at the administrative hearing that decedent had always intended to provide for his wife and his stepdaughter after his death and that he believed he had done so by having the stepdaughter named contingent beneficiary of his pension benefits, it is undisputed that decedent never attempted to make the stepdaughter option beneficiary. Nor did he make a will to bequeath the remainder of his benefits to her after her mother's death.

The Comptroller has no power or discretion to pay the benefit to any person other than the duly designated beneficiary (see, Matter of Oro v New York State Employees' Retirement Sys., 142 AD2d 830). If a member who has elected option 1 dies before the total of payments received equals the current value of his pension reserve fund, the balance shall be paid to his designated beneficiary or to his estate (see, Retirement and Social Security Law § 90 [a]). In the event a designated beneficiary predeceases the member, any such balance shall be payable to the member's estate or as provided in SCPA 1310 (see, Retirement and Social Security Law § 90 [a]). The designated beneficiary on form RS 5127 under Retirement and Social Security Law § 60 differs from a beneficiary designated on form RS 6109 under Retirement and Social Security Law § 90 (see, Matter of Barone v Levitt, 29 AD2d 149). Under option 1, the member is allowed to designate another beneficiary in the event that the named beneficiary predeceases him (see, Retirement and Social Security Law § 90 [a]) even though the form (RS 6109) does not provide for the naming of a contingent beneficiary. Because decedent failed to designate another beneficiary after his wife's death, the Comptroller had no authority or discretion but to pay the remaining benefits to the deceased member's estate (see, Matter of Jacobelli v Regan, 131 AD2d 166; cf., Matter of Oro v New York State Employees' Retirement Sys., supra). The determination is, therefore, rational and it must be sustained.

Determination confirmed, without costs, and petition dismissed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.