■ In the Matter of DAVID Z. NISNEWITZ, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [615 NYS2d 518] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller that respondent Matthew Salko is the primary beneficiary of the death benefits of Freda Nisnewitz, deceased.

When the decedent, Freda Nisnewitz, applied to become a member of the New York State and Local Retirement System by application dated September 13, 1975, she designated her then husband, respondent Matthew Salko, as the primary beneficiary of her death benefits and her brother (petitioner), father and mother as contingent beneficiaries. Although decedent and Salko were divorced in 1976, decedent made no attempt to remove him as her primary beneficiary until August 28, 1990, when she wrote to the Retirement System seeking a change of beneficiary form. The form was mailed to her on September 10, 1990; however, after decedent died on October 8, 1990, the envelope containing the form was found unopened in her office.

In response to petitioner's and Salko's claims for payment of decedent's death benefits, the Retirement System informed petitioner that it determined that the death benefits were payable to Salko. Following a hearing on petitioner's request for a redetermination, respondent Comptroller in essence concluded that, because decedent had not filed a change of beneficiary form with the Retirement System, the death benefits were payable to Salko since he is the last and sole duly designated primary beneficiary. Petitioner then commenced this CPLR article 78 proceeding challenging the Comptroller's determination, which Supreme Court transferred to this Court.

The Comptroller has the exclusive authority to determine applications for death benefits payable under Retirement and Social Security Law § 60 (c), and when his determination is supported by substantial evidence it must be upheld (see, Matter of Boucher v Regan, 88 AD2d 1066; see also, Retirement and Social Security Law § 74 [b]).

Retirement and Social Security Law § 60 (c) states in perti-

nent part: "The ordinary death benefit * * * shall be paid to the member's estate or to such person as he shall have nominated to receive such ordinary death benefit. To be effective, such a nomination must be in the form of a written designation, duly acknowledged and filed with the comptroller for this specific purpose." Under this statute, the Comptroller has no power or discretion to pay death benefits to any person other than the member's duly designated beneficiary (see, Matter of Berlangero v New York State & Local Employees' Retirement Sys., 162 AD2d 796; Matter of Oro v New York State Employees' Retirement Sys., 142 AD2d 830; Matter of Jacobelli v Regan, 131 AD2d 166; Matter of Prouse v Misarti, 115 AD2d 867). Thus, even where the decedent had designated his present wife as the beneficiary of his retirement option but had not filed a form changing the designation of his former wife as the beneficiary of his death benefits, we found that the decedent's former wife was entitled to the death benefits (see, Matter of Oro v New York State Employees' Retirement Sys., supra, at 831). Similarly in this case in which no change of beneficiary form was filed, we find that Salko is entitled to decedent's death benefits since he is the designated primary beneficiary. Accordingly, we conclude that the Comptroller's determination is supported by substantial evidence and must be confirmed.

Inasmuch as Salko has not renounced or surrendered his claim to the death benefits, we shall decline petitioner's invitation to order the Comptroller to deposit the death benefits with the court pursuant to CPLR 2701 (2) (compare, Del Gaizo v Del Gaizo, 125 AD2d 815; Matter of Demerritt v Levitt, 71 AD2d 757, lv denied 48 NY2d 607).

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.