■ In the Matter of RICHARD HANSEN, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [782 NYS2d 138]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which, inter alia, voided decedent's designations of petitioner as option beneficiary and primary death benefit beneficiary.

Jacqueline Brottenberg (hereinafter decedent) was a bus driver for a public school district and a member of the New York State and Local Employees' Retirement System from 1984 to 1999. After being diagnosed with a malignant brain tumor in the fall of 1999, she filed applications for ordinary disability retirement benefits and postretirement death benefits in September 2000. Shortly thereafter, she also changed her primary beneficiary designation under both plans from her children, who had been listed as the primary beneficiaries since April 1996, to petitioner, with whom she had been romantically involved since January 1996. At this time, decedent also executed a will, naming petitioner as her executor and bequeathing all her property and possessions to her children. Decedent succumbed to her illness in December 2000. After the Retirement System informed decedent's children that petitioner appeared to be the valid primary beneficiary of both decedent's ordinary disability retirement benefits and her postretirement death benefits, they requested a hearing and redetermination, alleging that decedent's progressively worsening illness had rendered her mentally incompetent at the time she designated petitioner as the new beneficiary. The Hearing Officer agreed and voided decedent's elections, reinstating her children as the intended primary beneficiaries. Respondent Comptroller upheld the determination and this CPLR article 78 proceeding ensued. We now confirm.

The Comptroller has the exclusive authority to determine the validity of beneficiary designations on applications for disability retirement and death benefits; when his determination is supported by substantial evidence, it may not be disturbed (*see Matter of Nisnewitz v Regan*, 207 AD2d 605, 605 [1994], *lv denied* 84 NY2d 812 [1995]; *Matter of Boucher v Regan*, 88 AD2d 1066, 1067 [1982]). At the hearing, Michael Gruber, a board-

certified neurologist and decedent's treating physician throughout the course of her illness, testified that decedent, in the end stage of her illness by September 2000, was so cognitively impaired as a result that he considered it "highly improbable" that she would have had the mental capacity to comprehend or understand the consequence of "any document," let alone her available retirement and death benefit options. We conclude that Gruber's opinion as to decedent's incompetency, which was based on his frequent examinations of decedent, the history given by decedent's family and his review of her medical records, was sufficiently articulated, rational and fact based and, thus, provides substantial evidence supporting the Comptroller's determination (*see Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). In this regard, we reject as misplaced petitioner's assertion that decedent's children were required to demonstrate that she had been afflicted by psychosis, which pertains to mental illnesses and not organic mental defects such as the one suffered by decedent, which may also support a finding of incompetency (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 204 [1969]; *Matter of Allaway v Regan*, 133 AD2d 962, 964 [1987]; *see also Feiden v Feiden*, 151 AD2d 889 [1989]; *Blatt v Manhattan Med. Group*, 131 AD2d 48, 52 [1987]).

Turning briefly to petitioner's procedural points of error, we find unpersuasive his due process claims that the Retirement System was required to continue the hearing in order to present additional witnesses and evidence that would support petitioner's argument that decedent was not incompetent. Prior to the start of the hearing, the Hearing Officer carefully and thoroughly informed petitioner that counsel for the Retirement System did not represent him, and further advised that he should obtain his own legal representation for the proceedings. Petitioner declined, indicating his desire to proceed pro se. Counsel for the Retirement System, who aggressively opposed the application of decedent's children to set aside the designations, was not petitioner's personal representative and was not required to make his case for him (*see e.g. Matter of Allaway v Regan, supra* at 964; *Matter of Pentinen v New York State Employees' Retirement Sys.*, 60 AD2d 366, 369 [1978], *lv denied* 44 NY2d 647 [1978]); moreover, nothing prevented petitioner from requesting a continuation of the hearing for the purpose of either obtaining counsel or offering the evidence he now claims should have been considered. As he failed to do so and, indeed, raised no evidentiary objections at all during the hearing, we find that petitioner has waived his right to assert these claims (*see Matter of Wallace v Regan*, 105 AD2d 586, 587 [1984]).

Petitioner's remaining arguments have been considered and rejected as lacking in merit.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.