In the Matter of ESTATE OF CAROLINE E. PROSPECT, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents. [785 NYS2d 774]—

Peters, J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), entered August 5, 2003 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to, inter alia, review a determination of respondent New York State Teachers' Retirement System denying petitioner's request that decedent's retirement death benefit be paid to petitioner.

In 1969, when decedent became a teacher and member of respondent New York State Teachers' Retirement System, she designated her fiancé, Walter W. Prospect, Jr., as her beneficiary. They married that year and divorced in 1975. Decedent continued such designation, despite the divorce and yearly notices from the Retirement System urging its participants to keep their designation of beneficiary current.

On May 23, 2002, decedent filed her application for retirement, selecting its effective date approximately one month later. Prior to the effective date, she died and temporary letters of administration were issued. The Retirement System notified Prospect that he was her designated beneficiary. Petitioner objected and requested that the benefits be held until the rightful beneficiary could be determined. On October 23, 2002, the Retirement System issued its final determination confirming Prospect as decedent's duly designated beneficiary; it did agree to hold the funds for four months due to petitioner's commencement of a proceeding in Surrogate's Court.

Petitioner commenced this CPLR article 78 proceeding to annul the Retirement System's determination. Respondents answered and sought a dismissal for, inter alia, the failure to join Prospect as a necessary party (see CPLR 1001 [a]). Supreme Court dismissed the petition on substantive grounds and failed to address whether Prospect should have been joined as a necessary party. Petitioner appeals.

Although we agree that the Retirement System "has the exclusive authority to determine the validity of beneficiary designations" (Matter of Hansen v McCall, 10 AD3d 832, 833 [2004]) and that its determination will not be disturbed if amply supported (see id. at 833; Matter of Venet v Teachers' Retirement Sys. of City of N.Y., 159 AD2d 273, 274 [1990], lv denied 76

NY2d 703 [1990]; *see also Matter of Nisnewitz v Regan*, 207 AD2d 605, 606 [1994], *lv denied* 84 NY2d 812 [1995]; *Matter of Berlangero v New York State & Local Employees' Retirement Sys.*, 162 AD2d 796, 797 [1990]; *Matter of Oro v New York State Employees' Retirement Sys.*, 142 AD2d 830, 831 [1988]), a dismissal of the petition is appropriate if a party whose interest may be inequitably or adversely affected by a potential judgment was not made a party to the proceeding (*see* CPLR 1001; *Matter of Dudley v Kerwick*, 52 NY2d 542, 552 [1981]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763 [2000]; *Matter of Tecler v Lake George Park Commn.*, 261 AD2d 690, 691 [1999], *lv denied* 94 NY2d 751 [1999]). Since "the absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (*Wrobel v La Ware*, 229 AD2d 861, 861 [1996]), we find that petitioner's failure to name Prospect in this proceeding was fatal because petitioner's only goal was to annul the determination that benefits should be payable to Prospect.

Petitioner's argument that dismissal is not appropriate because respondents and Prospect are united in interest is unavailing (*see Matter of Chalian v Malone*, 307 AD2d 619, 621 [2003]; *Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963 [1995], *lv denied* 87 NY2d 807 [1996]; *see also Matter of Manupella v Troy City Zoning Bd. of Appeals, supra* at 763-764). Unlike respondents, Prospect has a significant financial interest in this matter and counsel for respondents is "not [Prospect's] personal representative and was not required to make his case for him" (*Matter of Hansen v McCall, supra* at 834).

Accordingly, finding that Supreme Court should have dismissed the petition for failure to join a necessary party rather than on the merits, we affirm the judgment on this ground.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.