■ WILLIAM F. OLNEY, Doing Business as EAST HILL PROPERTIES Respondent, v ERIC AREITER et al., Appellants. [962 NYS2d 489]—

Mercure, J.P. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 22, 2011 in Tompkins County, which, among other things, partially denied defendants' cross motion for a counsel fee award.

In July 2008, defendants and three other roommates entered into a written lease with plaintiff to rent an apartment for 13 months and to pay $2,625 in monthly rent. Plaintiff commenced this action in April 2009, seeking $21,000 in rent and late fees, asserting that defendants failed to make rent payments after August 2008. Defendants answered and, along with their three other roommates who were not named as parties, asserted counterclaims, including breach of the warranty of habitability.

The matter proceeded to a jury trial, at the conclusion of which the jury found that defendants and their roommates had breached the lease agreement and awarded plaintiff $17,000 in damages, reduced by $2,000 based upon plaintiff's failure to mitigate his damages. The jury further determined that plaintiff breached the warranty of habitability, and awarded defendants and their roommates $5,250. Plaintiff moved to set aside the verdict, and for a counsel fee award, and defendants and their roommates cross-moved for the same relief. Supreme Court denied the motions for counsel fees, set aside the verdict, and ordered a new trial; the court concluded that it had erred in refusing to instruct the jury on constructive eviction.

Defendants appeal, arguing solely that they and their roommates are entitled to a counsel fee award under Real Property Law § 234. We note, however, that defendants' roommates were not named as parties to the action and, because "[a] counterclaim may . . . be asserted [only] on behalf of a defendant already a party to the action" (*Bramex Assoc. v CBI Agencies*, 149 AD2d 383, 385 [1989]; *see* CPLR 3019 [a]; *Mutual Benefits Offshore Fund v Zeltser*, 93 AD3d 504, 505 [2012]), the counterclaims must be dismissed insofar as they assert a claim on behalf of the roommates. Nevertheless, defendants' roommates, who were signatories to the lease along with defendants, would appear to be necessary parties; that is, they are "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001 [a]; *see Censi v Cove Landings, Inc.*, 65 AD3d 1066, 1067-1068 [2009]; *cf. Matter of Hutton Devs. v 346-364 Washington Ave. Corp.*, 17 AD3d 977, 978 [2005]; *Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d 869, 871 [2004]).

This Court has previously held that a court may not, on its own initiative, add or direct the addition of a party (*see LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]; *New Medico Assoc. v Empire Blue Cross & Blue Shield*, 267 AD2d 757, 758-759 [1999]). That said, "[a] court may always consider whether there has been a failure to join a necessary party," including on its own motion, and for the first time on appeal (*City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *see Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282 [1974]; *Censi v Cove Landings, Inc.*, 65 AD3d at 1068). Inasmuch as the counterclaims, insofar as they were asserted on behalf of defendants' roommates, must be dismissed, we now remit the matter to Supreme Court to hold a hearing to determine whether the

roommates are necessary parties who should be joined and, if so, to permit them to be joined by motion, stipulation or otherwise; if joinder cannot be effectuated, the court must then determine whether the action should be permitted to proceed in the absence of necessary parties (*see* CPLR 1001 [b]; 1003; *Censi v Cove Landings, Inc.*, 65 AD3d at 1068; *Matter of Remillard v Luck*, 2 AD3d 1179, 1180 n 2 [2003]; *see also Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]; *Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d 1102, 1104-1105 [2007]).

Defendants' request for counsel fees was premature and, thus, properly denied.

Spain, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by (1) dismissing the counterclaims insofar as they are asserted on behalf of nonparties, and (2) reversing so much thereof as directed a new trial prior to determination of whether there has been a failure to join a necessary party; matter remitted to the Supreme Court for further proceedings pursuant to CPLR 1001, consistent with this Court's decision; and, as so modified, affirmed.