*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 9, 2015                          520115
_____

In the Matter of KATHLEEN
    COLAVITO,
                    Appellant,

        v                                          MEMORANDUM AND ORDER

NEW YORK STATE COMPTROLLER
    et al.,
                    Respondents.
_____

Calendar Date:   June 2, 2015

Before:   Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Martin Law, PC, Wappingers Falls (Michael A. Martin of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
entered February 6, 2014 in Albany County, which, in a proceeding
pursuant to CPLR article 78, granted respondents' motion to
dismiss the petition.

        Matthew Colavito (hereinafter decedent), a member of
respondent New York State and Local Retirement System, was
married to petitioner at the time of his death on January 11,
2011.  In March 2011, respondents paid decedent's ordinary death
benefits to his son and his former spouse in accordance with the

beneficiary designations reportedly filed by decedent.[1]  In response to an inquiry by petitioner, the Retirement System advised her by letter dated June 12, 2013 that decedent's death benefits had been paid out to the named beneficiaries. Petitioner thereafter commenced a declaratory judgment action against respondents in Supreme Court in Dutchess County, claiming entitlement to "a portion" of decedent's death benefits. Respondents moved to dismiss the action as untimely and for a change of venue, among other relief, and the matter was subsequently transferred to Supreme Court in Albany County for a determination of the substantive issues raised on the motion. Supreme Court (Breslin, J.) concluded that petitioner's challenge to the payment of death benefits should have been brought in a CPLR article 78 proceeding and, after converting the action to a proceeding, dismissed the petition as untimely.  Petitioner appeals.

The Retirement System "has the exclusive authority to determine the validity of beneficiary designations" (Matter of Hansen v McCall, 10 AD3d 832, 833 [2004]), and a CPLR article 78 proceeding is the appropriate proceeding in which to raise a challenge to that determination (see Matter of Krysa v New York State & Local Retirement Sys., 53 AD3d 1027, 1029 [2008]; Matter of Estate of Prospect v New York State Teachers' Retirement Sys., 13 AD3d 699, 699 [2004]).  Thus, Supreme Court properly converted the action to a CPLR article 78 proceeding (see CPLR 103 [c]), which must be brought within four months "after the determination to be reviewed becomes final and binding" (CPLR 217 [1]).  "A determination generally becomes binding when the aggrieved party is 'notified'" (Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989] [citations omitted]), and the burden is on the party asserting the statute of limitations defense to establish that the petitioner "was provided notice of the determination more than four months before the proceeding was commenced" (Matter of Bill's Towing Serv., Inc. v County of Nassau, 83 AD3d 698, 699 [2011]).

---

[1]  Notably, the death benefits designation form is not included in the record on appeal.

Here, petitioner alleged that she was not notified when the death benefits were paid out to the beneficiaries and, in their motion to dismiss, respondents failed to submit any proof that petitioner was notified or otherwise aware of the disbursement of such funds prior to June 2013. While respondents invite us to take judicial notice of the materials appended to their brief, most of these documents were available to respondents but were not submitted to Supreme Court on their motion (see City of Poughkeepsie v Black, 130 AD2d 542, 542 [1987]; cf. Shon v State of New York, 75 AD3d 1035, 1038 [2010]), and, in any event, they do not conclusively establish that petitioner received notice. On the present record, we conclude that respondents failed to establish that this proceeding was not timely commenced (see CPLR 217 [1]).

However, given that petitioner seeks entitlement to a portion of decedent's death benefits that were paid to the beneficiaries, we find that the beneficiaries are necessary parties to this proceeding whose interests may be inequitably or adversely affected by a potential judgment (see CPLR 1001 [a]; Matter of Estate of Prospect v New York State Teachers' Retirement Sys., 13 AD3d at 700; see also Matter of McCauley v New York State & Local Employees' Retirement Sys., 112 AD3d 1211, 1211 [2013]). While not raised by the parties, "the absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (Matter of Estate of Prospect v New York State Teachers' Retirement Sys., 13 AD3d at 700 [internal quotation marks and citation omitted]; see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475 [1979]). Accordingly, this matter must be remitted to Supreme Court to order the beneficiaries to be joined if they are subject to the jurisdiction of the court or, if not, to permit their joinder by motion, stipulation or otherwise; if joinder cannot be effectuated, Supreme Court must determine whether this proceeding should be permitted to go forward in the absence of these necessary parties (see CPLR 1001 [b]; Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727 [2008]; Matter of McCauley v New York State & Local Employees' Retirement Sys., 112 AD3d at 1211-1212; Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d 1201, 1204-1205 [2013]; Olney v Areiter, 104 AD3d 1100, 1101-1102 [2013]).

Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court