Kohanim NY Holdings, LLC v Reliastar Life Ins. Co. of N.Y. (2024 NY Slip Op 50929(U))

[*1]

Kohanim NY Holdings, LLC v Reliastar Life Ins. Co. of N.Y.

2024 NY Slip Op 50929(U)

Decided on July 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 19, 2024
Supreme Court, Kings County

Kohanim NY Holdings, LLC, Plaintiffs,

against
Reliastar Life Insurance Company of New York and BERNARD EISDORFER as Trustee of THE ROZA LIEBERMAN FAMILY TRUST, Defendants. 
 and ROMEMA INT LLC, Intervenor-Defendant.
ROMEMA INT LLC, Intervenor-Defendant/Third-Party Plaintiff,
against
BERNARD EISDORFER and JOEL WERTZBERGER, Third-Party Defendants.

Index No. 513201/2022

Aaron D. Maslow, J.

Background
This action was brought in May of 2022 by Plaintiffs Kohanim NY Holdings, LLC (hereinafter "Kohanim"), seeking a declaratory judgment pertaining to the ownership of a life insurance policy (hereinafter the "Policy") on the life of one Roza Lieberman that was originally issued to the Roza Lieberman and thereafter assigned to the Roza Lieberman 2007 Family Trust (hereinafter "the 2007 trust") in 2007 or 2008, with one Anthony Pinkesz acting as trustee. The insurance company that issued the Policy was Defendant Reliastar Insurance Company of New York (hereinafter "Reliastar"). Between 2008 and when this action was filed, the Policy changed [*2]ownership. Exactly which parties were involved and, most importantly, to whom the Policy currently belongs, forms the basis of this suit. Important for this decision, however, is the fact that, in January 2023, notably eight months after the commencement of this action, Intervenor-Defendant Romema INT LLC (hereinafter "Romema"), who alleges to have been in ownership of the Policy at the time, sold the Policy to Wilmington Trust N.A. (hereinafter "Wilmington") for a sum of $455,000.00. To date, Wilmington has not been joined as a party to this action, despite the fact that Reliastar lists it as the Policy owner of record.

 Contentions
At oral argument that took place on July 18, 2024, on a motion by Romema seeking to hold Kohanim in contempt for not posting a Court-ordered bond, the Court raised the issue of Wilmington's nonjoinder to the action. Only Intervenor-Defendant Romema opposed the idea of joining Wilmington as a party, while all other parties took no position. The crux of the opposition was that Romema and Wilmington's interests are so aligned in this action that to join the latter as a party would create unneeded redundancy.

 Analysis
Article 10 of the CPLR pertains to parties generally. Specifically, CPLR § 1001 (a) states in pertinent part, with regard to the necessary joinder of parties, that parties who should be joined are "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action . . . ." Subdivision (b) of CPLR § 1001, provides: "When a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned." Additionally, under CPLR § 1003, "[n]onjoinder of a party who should be joined under section 1001 is a ground for dismissal of an action without prejudice" but that "[p]arties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared."
Importantly, the CPLR is silent as to whether a court, sua sponte, may add a party not previously joined pursuant to § 1001 (see LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d 911, 912 [3d Dept 2009]).[FN1]

Even so, the Court of Appeals has held that "a court may always consider whether there has been a failure to join a necessary party, including on its own motion . . ." (City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475 [1979] [citations omitted]).
To resolve this apparent dissonance between the CPLR and the holding in City of New York v Long Is. Airports Limousine Serv. Corp., the Third Department has adopted a standard in which trial courts hold hearings in which it is determined whether non-parties are necessary under the CPLR (see Olney v Areiter, 104 AD3d 1100, 1101-1102 [3d Dept 2013]). If, at the hearing, it is determined that certain non-parties are necessary pursuant to CPLR § 1001 (a), then leave shall be granted to join those parties (id. at 1102). "[Where] joinder cannot be effectuated, [*3]the court must then determine whether the action should be permitted to proceed in the absence of necessary parties" (id. [citations omitted]).
This Court is bound by Third Department precedent, as it can find no Second Department caselaw that is directly on point (see Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663, 664-65 [2d Dept 1984]).
Should Plaintiff prevail in this action, Wilmington's interests would be negatively impacted — it would no longer be listed in Reliastar's records as the Policy owner. Because of this, Wilmington may be a necessary party under CPLR § 1001 (a) that has not been joined under CPLR § 1003.
Accordingly, It is hereby ORDERED as follows:
(1) The parties in this action and non-party Wilmington are to appear at I.A.S. Trial Term, Part 2 of the Supreme Court of the State of New York, at the Courthouse, located at 320 Jay Street, Borough of Brooklyn, City and State of New York, Courtroom 18.36 on Thursday, August 1, 2024 at 10 o'clock in the forenoon for a hearing to be held pursuant to the holding in Olney to determine whether non-party Wilmington is a necessary party under CPLR § 1001.
(2) Intervenor-Defendant Romema is directed to provide Plaintiff Kohanim with contact information for Wilmington.
(3) Plaintiff Kohanim shall serve on non-party Wilmington a copy of this decision and order no later than by July 24, 2024.
E N T E R
HON. AARON D. MASLOW
JUSTICE OF THE SUPREME COURT

Footnotes

Footnote 1:In 1996, § 1003 was amended, specifically removing the language that granted courts this power.