**Karkus v 331 W. 71st St. Apt. Corp.**

2025 NY Slip Op 31693(U)

May 9, 2025

Supreme Court, New York County

Docket Number: Index No. 653171/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. LYLE E. FRANK** | PART | 11M |
|---|---|---|---|

*Justice*

-------------------------------------------------------------------------------X

KATHERINE KARKUS,

                        Plaintiff,

            - v -

331 WEST 71ST ST. APARTMENT CORPORATION,
JAMES CAIOLA, DAVID SALAMA

                      Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 653171/2022 |
|---|---|
| MOTION DATE | 12/03/2024, 01/14/2025, 01/14/2025 |
| MOTION SEQ. NO. | 006 007 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513

were read on this motion to/for          JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 514, 515, 516

were read on this motion to/for        SUMMARY JUDGMENT(AFTER JOINDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 517, 518, 519, 520

were read on this motion to/for          JUDGMENT - SUMMARY      .

Upon the foregoing documents, plaintiff's motion 006 is granted as to the counterclaims and denied as to the rest, defendants Caiola and Salama's motion 007 is granted as to the first cause of action and denied as to the sixth, and defendant 331 West 71st St. Apartment Corporation's motion 008 is granted as to the first, second, fifth, and seventh causes of action and denied as to the rest.

[* 1]

## Background

This case arises out of a dispute over water damage at a cooperative townhouse located at 331 West 71st Street, containing two residential units. Katherine Karkus ("Plaintiff") is a 21.25% owner of shares in the corporation, corresponding to Apartment 1. The building is owned by the 331 West 71st St. Apartment Corporation (the "Corporate Defendant"). This apartment consists of two levels and a rear garden. The other shares, corresponding with Apartment 2, are owned by James Caiola ("Caiola") and David Salama ("Salama", collectively with Caiola the "Individual Defendants", all defendants collectively the "Defendants"). In 2021, hurricanes Henri and Ida struck the city, and Plaintiff alleges that floodwater from the storms came through the building's foundation wall and flooded the lower level of her unit, rendering the unit uninhabitable. Defendants allege that the water came from a drain. The parties did not agree on a course of action to fix the foundation wall, leading to the filing of this underlying proceeding in September of 2022. The complaint pleads seven causes of action: declaratory judgment, specific performance; breach of contract; breach of the warranty of habitability; nuisance; breach of fiduciary duty; and attorneys' fees.

The Defendants have answered, discovery has been conducted, and the note of issue has been filed. But during the course of this litigation, there have been complications. One of the Defendants' experts that offered an opinion and recommendation letter regarding work to be done on the premises to avoid further water damage is currently incarcerated and accused of committing serial murders. There was further flooding of Apartment 1, either by a broken water main as Plaintiff alleges or by the improper use of a water heater valve as alleged by Defendants. Finally, in November of 2023, the waterproofing work on the foundation wall was performed using a contractor of Plaintiff's choice.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

In these motions, Plaintiff has moved for summary judgment on all their claims and dismissing the Corporate Defendant's counterclaims; the Individual Defendants have moved for summary judgment in their favor dismissing Plaintiff's claims against them; and the Corporate Defendant has moved for summary judgment in their favor on their counterclaims and dismissing Plaintiff's claims against them. For the reasons that follow, the first, second, fifth, and seventh causes of action in Plaintiff's complaint are dismissed, as moot, duplicative, and/or for failure to plead a stand-alone cause of action. Disputed issues of fact abound in this matter, however, and therefore summary judgment is denied to all parties on the third, fourth, and sixth causes of action.

*The First Cause of Action for a Declaratory Judgment and Second Cause of Action for*

*Specific Performance are Dismissed as Mooted and Duplicative*

INDEX NO. 653171/2022

RECEIVED NYSCEF: 05/09/2025

Plaintiff in their first cause of action, pled against all defendants, seeks a declaratory judgment stating that the Corporate Defendant is obligated to maintain, repair and replace the foundation wall, that the Individual Defendants have singled Plaintiff out for harmful unequal treatment, and that the Individual Defendants' attorney has a conflict of interest and cannot also represent the Corporate Defendant. In the second cause of action, Plaintiff seeks a judgment ordering the Corporate Defendant to replace and repair the foundation wall and pay monetary damages in the form of a special assessment. As of the time of this motion, the Corporate Defendant has retained individual counsel, and the foundation wall has been repaired. In their motion for summary judgment, Plaintiff states that they are seeking summary judgment for the first and second causes of action only to the extent that monetary damages are sought and wish the Court to issue an order directing that the damages payable by the Corporate Defendant be paid only by the Individual Defendants.

The Individual Defendants oppose the motion for summary judgment on the first cause of action and have moved for summary judgment in their favor, dismissing the claim. They argue that there are not sufficient facts to support a finding that the Individual Defendants engaged in a series of wrongful conduct designed to target Plaintiff for harmful unequal treatment. The Corporate Defendant argues that the first cause of action has been entirely mooted because new counsel for the Corporate Defendant has been obtained and the foundation wall has been repaired. It also argues that the first cause of action is entirely duplicative of the breach of contract cause of action.

Initially, Plaintiff does not dispute that much of the first and second causes of action have been mooted by events subsequent to initiating this proceeding. But what has not been mooted are the portions of the first cause of action dealing with the allegations of majority shareholder

malfeasance and requesting an order stating that the majority shareholders must pay any money damages awarded against the co-op by way of a special assessment. Nor have the portions of the second cause of action which also requests and order directing the majority shareholders to pay any damages awarded against the co-op by way of a special assessment. But while the special assessment provisions have not been mooted, they are duplicative of the breach of contract claim, which also requests that the Court order a special assessment against the Individual Defendants. Because the special assessment request is all that remains of the second cause of action, it is properly dismissed as moot.

All that remains of the first cause of action then is a request for a declaratory judgment stating that the Individual Defendants singled Plaintiff out for harmful and unequal treatment. In the sixth cause of action, Plaintiff alleges breach of fiduciary duty against the Individual Defendants and claims that she was impermissibly singled out for harmful and unequal treatment. As all that remains of the first cause of action is fully duplicative of the sixth cause of action, dismissal is proper.

### *There Are Disputed Issues of Material Fact Regarding the Third Cause of Action for*

### *Breach of Contract*

Plaintiff has requested summary judgment on the claim for breach of contract against the Corporate Defendant. She argues that all four elements have been established and there are no material facts in dispute. The specific claim is that the Corporate Defendant was obligated under the terms of the proprietary lease to keep the foundation wall in good repair, and to make any such needed repairs "with reasonable dispatch", a duty that was violated by the long delay in this matter. She also argues that the covenant of quiet enjoyment in the proprietary lease was breached, along with the requirement to abate the maintenance charges when the apartment was

[* 5]

rendered partly or wholly uninhabitable. The Corporate Defendant opposes and requests summary judgment in their favor. They argue that they had no obligation to repair the foundation wall within a specified time frame, and that now that the repair has been made there is no basis for a breach of contract claim. They also argue that any damages were not a consequence of a purported breach of the lease, on the theory that the only resulting damage to the unit came from the April 2023 incident that they allege was caused by Plaintiff and not the hurricane flooding.

Summary judgment on this cause of action would be improper for either party because there are disputed issues of material fact – certainly for the breach element, if not also for the issue of damages calculation. The parties dispute whether the two-year delay was reasonable under the specific circumstances of this case as well as the origin and extent of any water damage to the apartment. These are issues for a finder of fact to determine, and neither party has established entitlement to summary judgment as a matter of law on the breach of contract claim. The Corporate Defendant also argues that because Plaintiff intended to sublet the apartment, any damages resulting from the flooding would be consequential and therefore not contemplated by the proprietary lease as a matter of law. But this argument fails because regardless of whether Plaintiff intended to live in the apartment herself or sublet the unit, if the apartment was rendered uninhabitable by a breach of the lease, there would be damages as a result.

Plaintiff's argument that the weight of expert evidence is on their side due to affidavits attesting to the potential source of the flooding also fails to meet their burden for summary judgment. This is because now that the repair has been conducted, a relevant fact for the breach of contract claim is whether or not the delay in repair constituted a breach of the lease, which cannot be exclusively established from the affidavits submitted. Plaintiff also argues that they should be granted summary judgment on this claim because the lease requires the Corporate

[* 6]

Defendant to abate maintenance when a unit is rendered uninhabitable. This argument fails because the parties dispute whether the apartment was rendered uninhabitable, with both sides submitting evidence on that and the issue of whether any water damage was the result of weather, a broken pipe, or Plaintiff's own conduct. Another issue requiring a determination by a finder of fact centers on whether or not the investigation that the Corporate Defendant undertook into the preferable method of fixing the foundation was conducted in good faith or bad. No party has established entitlement to summary judgment on the third cause of action.

### *The Fourth Cause of Action for Breach of the Warranty of Habitability Is Not Duplicative*

In the fourth cause of action, Plaintiff seeks to enforce the implied warranty of habitability found in New York Real Property Law § 235-b. The Corporate Defendant argues that they did not breach the statutory warranty of habitability because they have now fixed the foundation wall. They also argue that this claim is duplicative of the breach of contract claim. Regarding the claim of duplicative causes of action, Plaintiff cites to *Olney* as support for the proposition that they can plead both breach of contract and breach of statutory warranty of habitability. But in *Olney*, the claim for breach of contract regarded a failure to make rent payments, and therefore was clearly not duplicative of the claim for breach of the statutory warranty of habitability. *Olney v. Areiter*, 104 A.D.3d 1100, 1100 – 01 [3rd Dept. 2013]. But while the claims in the third and fourth causes of action are largely the same, unlike in *Olney*, the First Department has allowed a plaintiff to pursue a claim for rent abatement under both Real Property law § 235-b and the proprietary lease. *Shackman v. 400 E. 85th St. Realty Corp.*, 161 A.D.3d 438, 439 [1st Dept. 2018]. But just as with the third cause of action, there are disputed issues of fact regarding the state of the apartment after the alleged flooding and the source of the flooding, with both parties pointing to different sets of evidence (expert affidavits vs.

photographs, etc.). Therefore, summary judgment for either party on the fourth cause of action would not be proper.

### The Fifth Cause of Action for Nuisance Is Duplicative

Plaintiff's fifth cause of action alleges that by failing to maintain and repair the foundation wall, the Corporate Defendant committed the tort of nuisance. The Corporate Defendant has moved for summary judgment in their favor dismissing this cause of action on the grounds, among others, that it is duplicative of the breach of contract claim. For a tort claim to not to be duplicative of a breach of contract claim, there must be a "legal duty independent of the contract itself [that] has been violated" and courts are to consider "the nature of the injury, how the injury occurred and the harm it caused." *IKB Int., S.A. v. Wells Fargo Bank, N.A.*, 40 N.Y.3d 277, 290 – 91 [2023]. Here, the nature of the injury is failure to maintain and repair the foundation wall, the harm caused is identical between the two claims, and there is no independent legal duty breached that is separate from the lease (as can be seen by the complaint citing to the lease for the fifth cause of action). Therefore, dismissal of this cause of action as duplicative would be proper.

### There Are Disputed Issues of Material Fact on the Sixth Cause of Action for Breach of Fiduciary Duty

For the sixth cause of action, Plaintiff alleges that the Individual Defendant breached their fiduciary duty as majority shareholders. In a close corporation, majority shareholders owe a fiduciary duty to minority shareholders. *Richbell Info. Servs. V. Jupiter Partners, L.P.*, 309 A.D.2d 288, 300 [1st Dept. 2003]. Plaintiff argues that the Individual Defendants breached that duty by delaying the foundation wall repairs for two years. In response, the Individual Defendants argue that their behavior during the two years was reasonable given the ongoing

**653171/2022 KARKUS, KATHERINE vs. 331 WEST 71ST ST. APARTMENT CORPORATION ET AL**
**Motion No. 006 007 008**

Page 8 of 10

litigation and that they never engaged in any course of conduct that failed to act in the best interest of all co-op shareholders. There are clearly disputed issues of fact going to whether the Individual Defendants committed misconduct or acted in bad faith. Therefore, neither party has met their burden for summary judgment on the sixth cause of action.

### *The Seventh Cause of Action for Attorneys' Fees Cannot Be Asserted Independently*

The seventh cause of action states a claim for attorneys' fees pursuant to RPL § 234. The Corporate Defendant has moved for summary judgment in its favor dismissing the cause of action. Under RPL § 234, if a lease permits a landlord to recover attorneys' fees that result from a tenant's breach, then if the tenant is the prevailing party in a proceeding they are also entitled to attorneys' fees. *See, e.g., Graham Ct. Owner's Corp. v. Taylor*, 24 N.Y.3d 742, 745 [2015]. In New York, such a claim to attorneys' fees may be awarded upon prevailing but cannot be pled as a separate cause of action. *See, e.g., La Porta v. Alacra, Inc.*, 142 A.D.3d 851, 853 [1st Dept. 2016]. Therefore, this cause of action is properly dismissed.

### *The Corporate Defendant's Counterclaims Are Dismissed*

Plaintiff has moved for summary judgment in their favor, dismissing the counterclaims pled by the Corporate Defendant in their answer. The first counterclaim alleges that Plaintiff illegally converted the cellar into a living area in violation of the Certificate of Occupancy. The second counterclaim alleges that the conversion violated the proprietary lease, and the third counterclaim alleges that such a conversion violated the breach of the covenant of good faith and fair dealing. Plaintiff has submitted an expert affidavit attesting to the fact that the conversion is not, in fact, illegal or impermissible. This affidavit has not been disputed, nor has the Corporate Defendant introduced evidence of its own or argued anything other than procedural points against Plaintiff's motion for summary judgment, which are unavailing. Therefore, the Plaintiff

met their burden for summary judgment dismissing the counterclaims and the Corporate Defendant failed to meet theirs in opposition. The Court has considered the parties' other arguments and found them unavailing. Accordingly, it is hereby

ORDERED and ADJUDGED that the defendants' motions for summary judgment in their favor dismissing the complaint are granted as to the first, second, fifth, and seventh causes of action and those causes of action are hereby dismissed, and denied as to the rest; and it is further

ORDERED and ADJUDGED that the plaintiff's motion for summary judgment dismissing 331 West 71st St. Apartment Corporation's counterclaims is granted, and those claims are hereby dismissed; and it is further

ADJUDGED that all other motions or portions not delineated in the above two paragraphs are denied.

20250509125323LFRANK06D27702E6AB404492E1EE7EE9C6708E

__5/9/2025__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653171/2022   KARKUS, KATHERINE vs. 331 WEST 71ST ST. APARTMENT CORPORATION ET AL
Motion No.  006 007 008**

Page 10 of 10